## ZEPHANIAH HUFFMAN *vs.* JOHN W. HUMMER.

1. In a bill by a purchaser of real estate, to enforce the specific performance of a contract for the sale and conveyance thereof, an averment of tender of the purchase money, *on the day* designated for the execution of the contract, is not necessary.

2. As a general rule, in equity, time is not deemed to be of the essence of the contract, unless the parties have expressly so treated it, or it necessarily follows from the nature and circumstances of the contract. Equity holds time to be *prima facie* non-essential, and will enforce the specific performance of agreements, after the time for their performance has been suffered to pass by the party asking for the intervention of the court.

3 Equity regards a contract for land, of which a specific execution will be decreed, for most purposes, as if it had been specifically executed. The purchaser is regarded as the equitable owner of the land, and the vendor of the money.

4. Where, upon a bill filed to compel the performance of a contract for the conveyance of real estate, an injunction issued to prevent the defendant from dealing with the property during the pendency of the suit, an objection that time is of the essence of the contract, will not avail the defendant upon a motion to dissolve the injunction.

5. Upon a motion to dissolve an injunction, the court will not undertake to determine points of doubt or difficulty upon which the merits of the case may depend, but will leave them to be determined at the final hearing, when the evidence is fully before the court.

6. When the answer admits the material allegations upon which the equity of the complainant's bill rests, but sets up new matter in avoidance, the injunction will not be dissolved.

7. In many cases, the court will interfere and preserve property *in statu quo* during the pendency of a suit in which the rights to it are to be decided, and that without expressing, and often without having the means of forming an opinion as to such rights.

8. It is not necessary to the continuance of an injunction, that it should be clear that the complainant will succeed at the hearing. It is sufficient if there is ground for supposing that relief may be given.

9. It is the duty of a complainant holding an injunction, to prosecute his claim with all diligence.

_____

*Mr. J. T. Bird* and *Mr. G. A. Allen,* for defendant, in support of the motion.

*Mr. Van Fleet* and *Mr. Wurts,* for complainant, contra.

. Cases cited by defendant's counsel. 1 *Story's Eq. Jur.,* § 742, 769; *King* v. *Morford, Saxton* 281; *Stoutenburgh* v. *Tompkins,* 1 *Stockt.* 332–5–6; *King* v. *Hamilton,* 4 *Peters* 311; *St. John* v. *Benedict,* 6 *Johns. Ch. R.* 111; *Omerod* v. *Hardman,* 5 *Vesey* 733; *Goring* v. *Nash,* 3 *Atk.* 186; *Joynes* .v. *Statham,* *Ibid.* 388; *Johnson* v. *Hubbell,* 2 *Stockt.* 242; *Jackson* v. *Ashton,* 11 *Peters* 229; 1 *Story's Eq. Jur.,* § 748–9; *Seymour* v. *Delancey,* 6 *Johns. Ch. R.* 222; *S. C.,* 3 *Cowen* 445; 1 *Story's Eq. Jur.,* § 771; *Miller* v. *Chetwood,* 1 *Green's Ch. R.* 199; *Rodman* v. *Zilley, Saxton* 320, 322; *Cadman* v. *Horner,* 18 *Vesey* 11; *Creath's adm'r* v. *Sims,* 5 *Howard* 192; *Willard's Eq. Jur.* 289; *Baldwin* v. *Salter,* 8 *Paige* 473; *Boone* v. *Missouri Iron Co.,* 17 *Howard* 340; *Doyle* v. *Teas,* 4 *Scam.* 202; *Benedict* v. *Lynch,* 1 *Johns. Ch. R.* 375; *Eaton* v. *Lyon,* 3 *Vesey* 690; *Guest* v. *Homfray,* 5 *Vesey* 818; *Brashier* v. *Gratz,* 6 *Wheat.* 528; *Taylor* v. *Longworth,* 14 *Peters* 174; *Hepburn* v. *Auld,* 5 *Cranch* 262, 276; *Potter* v. *Tuttle,* 22 *Conn.* 512; *Colson* v. *Thompson,* 2 *Wheat.* 336; 1 *Fonb. Eq.,* bk. 1, ch. 6, § 3; *Pickett* v. *Loggon,* 14 *Vesey* 215; *Harrington* v. *Wheeler,* 4 *Vesey* 686; *Alley* v. *Deschamps,* 13 *Vesey* 235; *Murray* v. *Palmer,* 2 *Sch. & Lef.* 474; *St. Mary's Church* v. *Stockton,* 4 *Halst. Ch. R.* 520; *Howell* v. *Robb,* 3 *Halst. Ch. R.* 21; *Roberts* v. *Berry,* 17 *Eng. Law & Eq.* 400; 1 *Story's Eq. Jur.,* § 751.

Cases cited by complainant's counsel. 1 *Story's Eq. Jur.,* § 784–8–9; *Morris Canal* v. *Jersey City,* 1 *Beas.* 227; *Green* v. *Pallas, Ibid.* 267; *New Barbadoes Toll Bridge Co.* v. *Vreeland,* 3 *Green's Ch. R.* 157; *Scott* v. *Ames,* 3 *Stockt.* 261;

*Chetwood* v. *Brittan*, 1 *Green's Ch. R.* 439; *Fry on Spec. Perf.*, § 709-10-11; *Batten on Spec. Perf.* 135-6; *Taylor* v. *Longworth*, 14 *Peters* 174; *Scarlett* v. *Hunter*, 3 *Jones* (*N. C.*) 84.

THE CHANCELLOR. The defendant asks to dissolve the injunction issued in this cause, upon the ground that the equity of the bill is fully denied by the answer. It is urged, among other grounds of objection to the continuance of the injunction, that time is of the essence of the contract, and that the complainant having failed to make any tender of the purchase money on the day designated for the execution of the contract, or at any other time before the filing of the bill, cannot call upon the defendant for the specific performance of the contract, and that the injunction should, therefore, be dissolved. If this be so, the bill itself is radically defective and should be dismissed, for it contains no averment of performance, or of an offer to perform the contract on the day designated for the execution of the contract, nor any excuse for the omission.

The bill is filed by the purchaser to enforce the specific performance of a written contract for the sale and conveyance of real estate. By the agreement, which bears date on the 6th of October, 1864, the vendor agreed to convey to the purchaser, for the consideration of $100 per acre, on or before the first of April then next, two lots of land in the township of Lebanon : the one lot being a part of the Stout farm, bounded by a designated line, to be run for that purpose, supposed to contain about eighteen acres; the other lot being a woodlot, containing about three acres. The purchase money was to be paid on the execution of the conveyance. There are other clauses in the contract not material to the present inquiry.

The complainant, by his bill, alleges, that on the execution of the contract he paid $300 on account of the purchase money; that he has always been ready and willing to per-

form the agreement on his part, and upon having a sufficient conveyance of the land made to him in fee simple, clear of encumbrances, to pay the balance of the purchase money; that the defendant refuses to perform the agreement on his part, and pretends that he is unable to make a good title for the land, and that he is willing to cancel the agreement, but not to refund the $300 advanced by the complainant; and that the defendant refuses to execute a conveyance for the land, although the complainant has requested him to do so, and offered to pay him the residue of the purchase money, upon the execution of a conveyance according to the terms and effect of the agreement. The bill contains no averment of the tender of the purchase money on or before the first day of April, the time designated for the execution of the contract. It is not necessary that it should do so. In this respect the bill is drawn in conformity with approved precedents. *Curtis' Equity Prec.* 9, 12; *Equity Draftsman* 12. Upon well settled principles of equity, the averment of performance, or of an offer to perform by the complainant according to the terms of the contract, is not necessary.

As a general rule in equity, time is not deemed to be of the essence of the contract, unless the parties have expressly so treated it, or it necessarily follows from the nature and circumstances of the contract. And one of the most frequent occasions on which courts of equity are asked to decree the specific performance of contracts is, where the terms for the performance and completion of the contract have not, in point of time, been strictly complied with. 1 *Story's Eq. Jur.*, § 776.

At law, time is of the essence of the contract. But, in equity, the question of time is differently regarded. Equity holds time to be, *prima facie*, non essential, and will enforce the specific performance of agreements, after the time for their performance has been suffered to pass by the party asking for the intervention of the court. *Fry on Spec. Perf.*, § 708, 709.

Equity, moreover, regards a contract for land, of which a

specific execution will be decreed, for most purposes, as if it had been specifically executed. The purchaser is regarded as the equitable owner of the land. The vendor is treated as the owner of the money. And a sale by the vendor to a third party, where a part of the purchase money has been paid, is regarded as a fraud upon the first purchaser. 1 *Story's Eq. Jur.*, § 784, 789.

The objection indirectly made to the equity of the bill is not sustained. Nor can the objection, that time is of the essence of the contract, avail the defendant, at the present stage of the controversy. It may be presented in a different aspect when the evidence is fully before the court. The court will not, at this stage of the cause, undertake to determine points of doubt or difficulty, upon which the merits of the case may depend, nor questions which may be more fully and satisfactorily heard and determined at the final hearing, when the evidence is fully before the court.

When the answer admits the material allegations upon which the equity of the complainant's bill rests, but sets up new matter in avoidance, the injunction will not be dissolved. *Allen* v. *Crabcroft, Barn. Ch. R.* 373; *Salmon* v. *Clagett,* 3 *Bland's Ch. R.* 162; *Minturn* v. *Seymour,* 4 *Johns. Ch. R.* 499; *Morris Canal Co.* v. *Jersey City,* 1 *Beas.* 228; *Green* v. *Pallas, Ibid.* 269; *Butler* v. *The Society, Ibid.* 266, 506; *The Society* v. *Low, ante, p.* 19.

This rule is so familiar, and rests upon such clear and unquestioned principles of equity regulating the exercise of the extraordinary power of the court, that the citation of authorities would seem to be uncalled for. And yet the principle is so frequently overlooked or disregarded in the discussion of motions to dissolve injunctions, that a reference to authority seems to be demanded.

The answer contains no denial of any of the material allegations of the bill of complaint. It admits the making of the contract, the payment of a part of the purchase money by the complainant, and the refusal of the defendant to execute the conveyance, pursuant to the terms of the agreement.

It bases its denial of the complainant's equity upon two grounds. 1. That the complainant had, by his acts and declarations, waived the performance of the contract by the defendant. 2. Upon the laches of the complainant, in not tendering the purchase money, and demanding the deed upon the first day of April. Admitting that both, or either of these facts, established by evidence, may, upon the final hearing, constitute a valid defense to the complainant's bill, the averments of the answer form no ground for the dissolution of the injunction.

The use of the injunction, in the present case, is merely ancillary to the main design of the bill, to enforce a specific performance of a contract. Its purpose is to prevent the defendant from embarrassing the complainant, or defeating the object of the bill, by dealing with the property during the pendency of a suit. In many cases, the court will interfere and preserve property *in statu quo*, during the pendency of the suit in which the rights to it are to be decided, and that without expressing, and often without having the means of forming any opinion as to such rights. *Great Western R. Co.* v. *Birm. & Oxford Junction R. Co.,* 2 *Phillips* 602.

It is not necessary, therefore, in order to continue the injunction, that it should be clear that the complainant will succeed at the hearing. It is sufficient if there is ground for supposing that relief may be given. *Hudson* v. *Bartram,* 3 *Madd.* 448; *Atwood* v. *Barham,* 2 *Russ.* 186.

The only point upon which I have entertained any doubt as to the propriety of continuing the injunction, is the want of due diligence on the part of the complainant in prosecuting his claim. The bill, in this case, was filed on the 21st of April. The answer was filed on the 12th of May. No replication has been filed, or other step taken on the part of the complainant, to speed the cause. Some excuse for the delay is found in the fact, that the parties have repeatedly attempted to have a hearing of the motion to dissolve the injunction. It is, nevertheless, the duty of the complainant

holding an injunction, to prosecute the case with all diligence. Delay is always injurious, and often oppressive to the defendant. *Brown* v. *Fuller*, 2 *Beas.* 273.

The evidence must be closed, and the cause brought to hearing at the next term, or the complainant must show cause, on the first day of the term, why the injunction should not be dissolved.