The complainant Belier is the assignee of the complainant Barry, and seeks the specific performance of a contract for the sale of land in the city of Newark by the defendant, who agreed to convey to Barry. The contract is dated June 5th, 1925, and its terms are not in dispute. It provided for settlement on September 1st, 1925. Time was not made of the essence of the contract by its terms. The contract was assigned to Beiler by Barry on July 22d 1925, but the defendant had no notice of this assignment. The complainant-assignee was not ready for settlement on September 1st, because of exceptions on the title company's report of the examination of the title, which had not been cleared up, and a few days before September 1st applied, through his counsel, to the defendant for an extension of time to September 15th for settlement. This was refused, but these negotiations resulted in an agreement between the attorneys of the respective parties that the time of settlement would be fixed for September 8th, 1925, and to carry out that understanding counsel for complainants prepared a form of written agreement, which provided for an adjournment of the time of closing from September 1st to September 8th. This form of agreement, however, the defendant refused to sign, but, under date of September 1st, wrote the complainant Barry a letter advising him that the time of settlement would be extended to September 8th. The letter closes with the following statement: "I will not grant any further extension to you for the passing of title of the property." No reply *Page 732 
to this letter was made by anyone, and I think it may be fairly assumed that complainant acquiesced in the arrangement evidenced by that letter. The title company was not ready for closing the title until September 10th, because the exceptions appearing on its report had not been satisfactorily cleared up until that time. On September 8th complainants' attorney addressed a letter to the defendant calling her attention to certain exceptions on the title company's report, and in which letter complainants contended that defendant was not in a position to convey a marketable title at that time, but suggested that the objections might be taken care of by September 15th. Under date of September 9th, defendant replied to that letter, denying that there was any defect in her title, and, because of the failure of the vendee to perform on September 8th, repudiated and rescinded the contract. On September 14th complainants' attorney advised defendant's attorney that complainant Barry was prepared to close the title, but defendant stood on her letter of September 9th and refused to perform.
It appears that the complainants did not order a search against this property until August 10th, a period of over two months after the date of the contract. If title examination had been ordered by complainants promptly after the execution of the contract there would have been no delay in the performance, as the title company would then have had ample time for the work before the date fixed for settlement. By delaying the placing of an order for the title policy the complainants must be taken to have assumed the consequences. At the time this contract was made, and at the time fixed for performance, the real estate market in the city of Newark was speculative, and prices were subject to considerable variation. While time was not of the essence of the contract as originally executed, it seems to me that it was made such by agreement of the parties when the final date for closing was fixed for September 8th, which was evidenced by the letter of September 1st from the defendant to the complainant Barry, and further evidenced by a form of extension agreement prepared by complainants' solicitor. *Page 733 
The preparation and submission of this form of agreement by the complainants' solicitor is strong evidence to my mind that he understood that the final date for closing was September 8th, and his failure to demur to defendant's letter of September 1st is conclusive. I feel that in rescinding the contract, after the failure of the vendee to perform on September 8th, the defendant was clearly within her rights. Under the circumstances of this case, the extension of one week granted by the defendant for the closing of title was, in my judgment, entirely reasonable, especially in view of the complainants' long delay in ordering searches. This, I believe, to be in accordance with the adjudication of this court and the court of errors and appeals in the following cases: King v. Ruckman, 20 N.J. Eq. 316;Huffman v. Hummer, 17 N.J. Eq. 267; Newark v. Lindsley,114 Atl. Rep. 794; Orange Society v. Konski, 94 N.J. Eq. 632;affirmed, 95 N.J. Eq. 254.
In Orange Society v. Konski, supra, Vice-Chancellor Backes said (at p. 635):
"The law is that a day fixed in a contract for closing title, without more, is merely formal; but if it is stipulated that time is of the essence, or the circumstances are persuasive that that is the case, prompt performance is essential, and it is also the law that where the time fixed is regarded as a formality only, and the period has gone by, or where time is of the essence and there is a waiver, that time may, nevertheless, be made of the essence by formal demand that the title be closed by a given day, but the time given must be reasonable."
And in Newark v. Lindsley, supra (at p. 796), the same vice-chancellor said:
"A bill for specific performance is addressed to the extraordinary jurisdiction of a court of equity to be exercised according to its discretion. The general rule is that he who seeks performance of a contract for the conveyance of land must show himself ready, desirous, prompt and eager to perform the contract on his part. Therefore, unreasonable delay in doing those acts, which are to be done by him, will *Page 734 
justify and require a denial of relief. No rule respecting the length of the delay, which will be fatal to relief, can be laid down, for each case must depend on its peculiar circumstances."
In that case a delay of two months in beginning the examination of title was one of the circumstances moving the court to refuse relief. The case is, in part, at least, analogous to the casesub judice, and is ample authority for dismissing this bill. The long delay of the complainants in ordering searches in this case was responsible for their not being ready to close the title on September 1st. At that time conditions in the real estate market were such that further delay might be prejudicial to the interests of the vendor, and I am of the opinion that she was within her rights in refusing to extend the time for settlement beyond September 8th; but, irrespective of the reasonableness or unreasonableness of this extension, it is clear that such an extension fixing the final date for settlement at September 8th, and beyond which it was understood no further extensions would be allowed, was agreed upon between the parties. I will therefore advise a decree dismissing the bill of complaint.