Schwarz *v.* Regan.

## JACOB L. SCHWARZ

*v.*

## MARY REGAN and JAMES REGAN, her husband.

[Filed January 6th, 1903.]

*P. L. of 1898 p. 685 § 39*, provides that no interest of a *feme covert* in lands shall pass by her deed or conveyance without previous acknowledgment made by her on a private examination apart from her husband, and that the same is her voluntary act and deed, freely, without any fear, threats or compulsion of her husband.—*Held*, that where a contract by a married woman and her husband to convey her lands is not acknowledged by her as required by the statute, the vendee cannot enforce the contract.

On motion to dismiss bill.

*Mr. Frederick Jay,* for the complainant.

*Mr. Henry Hahn,* for the defendant.

EMERY, V. C.

This bill is filed to compel the specific performance of a contract by a married woman and her husband to convey lands belonging to the married woman. The contract (as alleged by the bill) is evidenced by a memorandum, in writing, signed by the husband and wife on June 2d, 1902, containing the terms of the contract which are set out in the bill. The contract does not appear to have been acknowledged by the married woman in the manner provided by the thirty-ninth section of the act respecting conveyances (revision of 1898). *P. L. of 1898 p. 685.* The invalidity of the contract, by reason of the omission of the married woman to acknowledge it, is one of the reasons specified for striking out the bill. That this reason is well founded is settled in this court by the decision of Vice-Chancellor Stevens in *Corby* v. *Drew, 10 Dick. Ch. Rep. 391 (1897),* where it was

expressly held that under the then existing laws a contract for sale of lands which had not been acknowledged according to law could not be specifically enforced in equity against a married woman. In *Goldstein* v. *Curtis, 18 Dick. Ch. Rep. 454 (May, 1902)*, Vice-Chancellor Pitney held that by virtue of the additional provision made in this section 39 as to the effect of the acknowledgment of the deed upon the married woman's estate, a contract which had been acknowledged could not be enforced. The decision in *Corby* v. *Drew* has not been questioned in any court and it has been followed by Vice-Chancellor Stevenson in a late case—*Osten* v. *Oesman (September, 1902,* memorandum decision)—as settling the law in this court. In this case, also, the bill for specific performance against a married woman was dismissed because the contract had not been acknowledged according to law.

So far as relates to the present question, the law as to married women is still the same as when the decision in *Corby* v. *Drew* was rendered.

Upon the authority of these decisions the bill must be dismissed.