JOHN V. TEN EYCK et al.

*v.*

EDITH SAVILLE et al.

[Filed April 18th, 1903.]

1. Equity will not compel specific performance of a married woman's agreement to convey land, if such agreement be not acknowledged, whether performance be sought against the married woman herself or against her grantee with notice.

2. A married woman's executed and acknowledged deed, while it remains undelivered in the hands of her attorney, is not an acknowledged agreement within the meaning of the act of 1898 respecting conveyances.

3. An acknowledged, but undelivered deed, if it can be regarded in the light of a memorandum or note of a prior unacknowledged agreement, does not come within the provisions of section 39 of the above act.

*Mr. George S. Silzer* and *Mr. John W. Beekman,* for the demurrants.

*Mr. Theodore Strong,* for the complainants.

STEVENS, V. C.

The defendants demur to complainants' bill for specific performance of an agreement to convey land, on the ground that the agreement was made by a married woman and that it has not been acknowledged. I think the demurrers must be sustained.

In *Corby* v. *Drew, 10 Dick. Ch. Rep. 387,* I examined the law on the subject and came to the conclusion that a married woman's agreement, though concurred in by her husband, if unacknowledged, is not enforceable against her. Since that decision was made the Conveyance act has been revised (*P. L. of 1898 p. 670*), and sections 21 and 39 have been construed by Vice-Chancellor Pitney in *Goldstein* v. *Curtis, 18 Dick. Ch. Rep. 454.* He comes to the conclusion that, whatever may have been the law prior to the passage of the act of 1898 as to acknowledged agreements of

married women, since that act went into effect such agreements are enforceable. I think that the language of those sections plainly requires this construction. Section 39 provides that agreements for sale made by married women, duly acknowledged, "shall be good and effectual to convey or *affect* the lands * * * thereby intended to be conveyed or *affected.*" Vice-Chancellor Pitney says: "Now, a familiar way to 'affect' the interest of a person in land is to contract to convey it, and the only mode in which such a contract can be made 'good and effectual' is to compel its specific performance by a decree of this court." This act was passed after *Corby* v. *Drew* had been decided, and presumably with knowledge of the decision. If there had been any intention to alter the law as there stated, the legislature would not, as it seems to me, have provided generally that no estate or interest of a *feme covert* should pass by her deed without a previous acknowledgment made by her on a private examination, and then have further provided that every deed or instrument of the description set forth in section 21 (agreements for sale being one of those instruments) executed by her and so *acknowledged and certified* should be good and effectual to convey or affect lands. The carefully-guarded declaration that no interest of a *feme covert* should pass by deed unless acknowledged in a certain way, coupled with a declaration that certain instruments so acknowledged should pass or affect her lands, indicates very clearly that it was the legislative intent that instruments not so acknowledged should not affect her lands.

This appears to be conceded in the briefs of counsel, and the case is put on another ground. The bill, after alleging the making of the agreement, states that the married woman joined with her husband in causing a deed of conveyance to be prepared in the ordinary form of a warranty deed and that this deed was in due form acknowledged and sent to her attorney *to be* delivered, but that before delivery she and her husband joined in executing and delivering a conveyance to someone else. Counsel argues that this deed is to be regarded as a part of the agreement, and that consequently, it having been acknowledged, the statute is satisfied. Now, I cannot understand how an undelivered deed, made after the agreement was entered into, can be

regarded as a part of that agreement. The agreement was complete in itself. It required and received the formal assent of both parties. It could only be modified or added to by some agreement having like assent. This it never received. It was indeed sent by the vendor to her own attorney, but he never delivered it and so it never acquired any binding force. Counsel cites many cases to show that an undelivered deed may operate as a sufficient memorandum within the statute of frauds. But this is beside the mark. The question is not whether the statute of frauds bars the right to relief, but whether the married woman's agreement is so executed and acknowledged as to give a right to relief. The questions are not identical and they do not depend upon the same considerations. The statute of frauds does not require the agreement itself to be in writing, but only "some memorandum or note thereof." If there be a written memorandum or note of the agreement, and this be signed by the party to be charged, the statute is satisfied. But the statute does not say that an acknowledged memorandum or note of the agreement shall be sufficient to "affect" the married woman's interest in lands. At common law the wife could only pass her freehold estate by fine or common recovery. Since the year 1743 she has been permitted to convey by acknowledged deed. The act of 1898 for the first time, at least in terms, gives full effect to *her agreement* to convey, but only if that agreement be acknowledged. Counsel now desires the court to go a step further than the statute goes, and to say that a note or memorandum of the agreement shall affect her lands if only it be acknowledged. For this I can find no warrant. The cases relied on by counsel show very plainly that, under the statute of frauds, a note or memorandum of the agreement is a different thing from the agreement itself. I am unable to agree, therefore, that the acknowledged, but undelivered, deed, looked upon as a note or memorandum of the terms of the agreement, makes up for its deficiencies. It must always be remembered, in dealing with this subject, that, in the case of married women, the policy of our law has always been to make the acknowledgment of the essence of the transaction, and not merely the evidence or proof of it.

It appears by the bill that after Mrs. Saville and her husband had agreed to convey to the complainant, they conveyed to one Campbell, who, it is said, took with notice. It may be argued that having so taken, equity will compel him to convey. It is, of course, true that one of the objections to decreeing a conveyance is, in this situation of the matter, eliminated. The court would not have to decree that the married woman make a conveyance, coupled with an acknowledgment that she does that freely, &c., which, in fact, she does only under compulsion; but the other objection remains. By the policy of our law she can only pass or affect her interest by an *acknowledged* deed or agreement. If the deed or agreement be not acknowledged—and the acknowledgment is, as I have said, of the essence of the transaction—then her interest in the land did not pass, and the complainant being without any interest (whatever right he may have to sue for damages at law), is not in a position to demand that the married woman's grantee shall do that which the grantor herself is not compellable to do.