## LOUIS CHASSMAN

*v.*

## RICHARD WIESE and ALMA WIESE.

[Submitted December 30th, 1918. Decided February 19th, 1919.]

A married woman's contract for the sale of lands is not enforceable in equity unless it has been acknowledged by her in compliance with the statute.

On bill, &c.

*Mr. Jacob B. Joselson,* for the complainant.

*Mr. Edmund A. Hayes,* for the defendants.

BACKES, V. C.

This is the usual bill for the specific performance of a contract for the sale of land. The title to the land is in the defendants, husband and wife. They agreed to convey it to the complainant in exchange for his land. The contract is in writing, but it is not acknowledged.

I have already disposed of the defences that the contract was executed under misapprehension as to its purport, and that it was procured by fraudulent misrepresentations, adversely to the defendants. The remaining question, upon which counsel submitted briefs, is whether a married woman's contract for the sale of land, *unacknowledged,* is enforceable in equity under the law as it now stands. In *Corby* v. *Drew (1897), 55 N. J. Eq. 387,* followed by *Schwarz* v. *Regan, 64 N. J. Eq. 139,* and *Ten Eyck* v. *Saville, 64 N. J. Eq. 611,* Vice-Chancellor Stevens held that an acknowledgment, in the manner prescribed by the statute, was an essential and indispensable requisite to a conveyance of land by a married woman, and that her contract to convey could not be enforced. Later, in *Goldstein* v. *Curtis, 63 N. J. Eq. 454,*

Vice-Chancellor Pitney held that by virtue of the statute as then revised, a married woman's contract, duly acknowledged, was enforceable. The law as it stood when these cases were decided was (section 39 of the Conveyance act, substantially) that no estate of a married woman in lands shall pass by her deed without a previous acknowledgment made by her on a private examination, apart from her husband, before an officer authorized to take acknowledgments, that she signed, sealed and delivered the same as her voluntary act and deed, freely and without any fear, threats or compulsion of her husband. In 1916 (*P. L. 1916 p. 321*) the legislature, by supplement to the Conveyance act, enacted that conveyances of land may be executed and delivered by any married woman of the age of twenty-one years without a private examination, apart from her husband, and without an acknowledgment made by her that she signed, sealed and delivered the same as her voluntary act and deed freely without any fear, threats or compulsion of her husband. And in 1918 (*P. L. 1918 p. 119*) section 39 of that act was amended, to conform to the provision of the supplement, eliminating the requirement of a separate examination.

Counsel for the complainant argues that this modification removes the protection that the separate examination formerly gave to a married woman as against her husband's compulsion and sweeps away the reason upon which *Corby* v. *Drew* and the later cases were decided. This is only partly true. The barriers were let down, but not altogether. The statute (section 39, as amended) still requires an acknowledgment by a married woman in order to effectuate a conveyance of her land, and it is as much of the *essence* of her conveyance as it was before the separate examination was dispensed with. The principle underlying the cases is still applicable and the decisions are controlling.

The bill will be dismissed, with costs.