OSCAR SCHWABINGER, appellant,

*v.*

JOHN SAXON et al., respondents.

[Decided February 28th, 1921.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder, who filed the following opinion:

"Without expressing an opinion on any other question raised in the case, I conclude that complainant must be denied the relief he seeks because section 39 of the Conveyance act (*Comp. Stat. p. 1547*, as amended by *P. L. 1918 p. 119*) has not been complied with. That section provides that no estate of a married woman in lands shall pass by her deed without a previous acknowledgment made by her that she signed, sealed and delivered the same as her voluntary act and deed, the officer having first make known to her the contents thereof. A contract for the sale of her interest in lands must comply with this statute. *Chassman v. Wiese, 90 N. J. Eq. 1018*. Although the contract in this case bears a certificate of acknowledgment in due form, I find from the testimony, including that of the officer who signed the certificate, that the acknowledgment required by the statute was in fact not made by Mrs. Saxon. The blank form of agreement to convey was not entirely filled in when she signed it, and although it may be that she told the scrivener, who was the officer who certified the acknowledgment, that she knew what terms and conditions were to be inserted and authorized him to complete the draft and that when completed, the agreement was in the form she understood it was to be, the officer could not have complied with the statute by making the contents known to her and she did not acknowledge that she signed, sealed and delivered a completed contract as her voluntary act and deed.

"Our law guards the conveyance by a married woman of any interest in her lands with a special care. It makes it the duty of the officer taking her acknowledgment to explain to her the contents of a completed instrument and then to ascertain from her whether she has willingly affixed her signature thereto and it gives her up to the point when she is made acquainted with the actual contents of the instrument an opportunity to declare any objection she may have to executing and delivering it.

"The defendants must return to complainant the amount of the deposit paid by him on the contract, with interest from the date of payment, and the complainant must deliver up the contract to the defendants for cancellation.

"No costs will be allowed either party."

*Mr. Harry Scher* and *Mr. D. Frederick Burnett,* for the appellant.

*Messrs. Stein, Stein & Hannoch,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Fielder.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON—15.

*For reversal*—None.