HARRY KOTOK, complainant,

*v.*

FRANCES ROSSI et al., defendants.

[Decided February 27th, 1923.]

1. A bill of complaint, setting up a contract as the basis of the cause of action, is not defective in failing to negative the application of the statute of frauds.

2. A statement in a bill that an agent was duly authorized by the principal to do certain acts, is sufficient allegation of the fact of such agency, on motion to strike out bill for failure to disclose a cause of action.

3. A bill for specific performance of contract to convey lands need not allege a prior tender of the purchase price, where facts are set up showing that such tender would have been vain.

4. A bill for specific performance of contract to convey lands is defective both as against vendor and subsequent grantee, where the contract set up in the bill is one made by an agent for a married woman and the bill fails to show a power of attorney executed and acknowledged by her, and certification of acknowledgment in accordance with the provisions of section 39 of the act concerning conveyances.

On bill, &c.

*Mr. Thomas G. Tuso,* for the motion.

*Mr. Frank Kotok, contra.*

BUCHANAN, V. C.

Complainant's bill is for specific performance of contract of sale of lands, or at least is of a kind usually spoken of as coming within that category. It seeks to compel the conveyance to himself of certain lands comprised in contract of sale between himself as vendee and the defendants Rossi as vendors, the legal title to which lands was subsequently conveyed by the Rossis to the defendants DeFalco.

The DeFalcos move to strike out the bill on the ground that it fails to disclose a cause of action. This motion is therefore equivalent to demurrer under the old practice, and comes under rule 67. The notice of motion contains the following specification of "reasons" why the bill fails to set forth a cause of action:

"1. No sufficient facts are set forth in paragraph 2 of the complaint to justify the conclusion as a matter of law that John A. Ackley was the authorized agent of the defendants Frances Rossi and Anthony J. Rossi.

"2. Because the agreement mentioned in paragraph 4 of the bill of complaint is neither signed nor acknowledged by any of the defendants or any of the parties to be charged therewith.

"3. Because in paragraph 6 of the complaint it is alleged that 'Frances Rossi and Anthony J. Rossi, her husband, fraudulently contrived with Anthony DeFalco,' &c., without setting forth any facts constituting the fraud complained of.

"4. Because while complainant sets forth in paragraph 13 of the complaint that he was ready to execute a bond and mortgage and ready and able to deliver the entire balance of the money in accordance with the said agreement, complaint fails to contain an averment of the tender of the purchase-money, as an averment merely that the complainant was ready and willing to perform all things on his part to be performed and to complete the contract is not sufficient."

*Reasons 1 and 3.* These need but slight consideration. Both are, strictly, objections to particular *parts* of the bill as contravening specific rules or principles as to the method or form of pleading, rather than specifications of omission from the bill, as a *whole,* of allegations deemed requisite in order for the bill to make out a *prima facie* case. Since the motion is addressed to the bill as a whole, I shall not deal with these two "reasons" as I should be called upon to do if they had been submitted on motion under rule 53. It may, however, not be amiss to point out that one of the objects of the 1915 chancery rules was to shorten and simplify pleadings— *vide* rules 44, 1st paragraph; 47, 50, 51, and 53. If the pleader errs by going too far in the direction of brevity, adequate provision for the benefit of his adversary is afforded by rules 45 and 44, last paragraph.

Let us consider these two "reasons," however, as if they respectively set forth that the allegations of agency and fraud were so defectively and insufficiently pleaded as to be conclusions of law only; and that hence they must be disregarded and deemed nonexistent as allegations of fact; and that the allegations thus "omitted" are essential to complainant's cause of action; and that they do not appear elsewhere in the bill—which is probably what counsel had in mind. In the first place—so far at least as concerns reason 1—the proposition that a mere bald statement of authorized agency is so improperly and insufficiently pleaded as to be disregarded as an allegation, on a motion of the kind *sub judice,* would seem to have been disposed of adversely to defendant's contention by *Schreiber* v. *Menningham,* *73 N. J. Eq. 134.* In that case the question was as to tender instead of agency, but the principle is obviously the same. An allegation of agency, like an allegation of tender, is one involving both law and fact. In the second place, neither of the particular allegations to which objection is made, is essential to complainant's cause of action; indeed, the entire paragraph 2 and the entire paragraph 6 could be stricken from the bill without harming it. Paragraph 2 alleges simply the putting up of the property for sale at public vendue. The essential allegation of the contract of sale appears in paragraph 4 and the copy of the agreement therein referred to and made a part thereof. The allegations of fraudulent contriving in paragraph 6 are wholly superfluous. All that complainant needs to allege is a verbal contract between the owners and himself, and the fact that the other defendants now have the legal title to the premises by virtue of the subsequent conveyance from the vendors. His right of action is complete if the subsequent grantees took (as he, in other paragraphs of the bill, alleges they did) without consideration or with notice of his contract (*Cranwell* v. *Clinton Realty Co.,* *67 N. J. Eq. 540,* and cases cited at *p. 550*) ; but it is not necessary for him to *allege* that the subsequent grantees were not purchasers for value without notice. *Cf. McVoy* v. *Baumann,* *93 N. J. Eq. 360, S. C. on appeal, Id. 638.*

*Reason 4.* Where time is not of the essence of the contract (and it was not, in this case, so far as appears by the bill), a preliminary tender of the purchase price is not a prerequisite. *Schreiber* v. *Menningham.*, *73 N. J. Eq. 184.* The bill, moreover, does allege that complainant attended at the time and place fixed for the completion of the sale, "ready to perform the contract on his part," but defendants failed to appear and perform; and further alleges that defendants, prior to the date fixed for consummation, refused to perform, and that prior to the date fixed for consummation they had rendered themselves unable to perform, by conveying to the DeFalcos. If an allegation as to tender was requisite, complainant's pleading thereof might be deemed sufficient on this motion, *Cf. Schreiber* v. *Menningham, supra;* but in any event the additional· facts pleaded are amply adequate to excuse tender. *Reynolds* v. *O'Neil, 26 N. J. Eq. 223; Meyer* v. *Reed, 91 N. J. Eq. 237* (at *p. 239*). Compare also *O'Neill* v. *Supreme Council, 70 N. J. Law 410; Wolff* v. *Meyer, 75 N. J. Law 181.*

*Reason 2.* This is the only meritorious contention in support of defendants' motion—albeit the formulation thereof is inapt. The points thereby intended to be made are (*a*) that the bill fails to allege or show that the contract of sale was signed by the vendors, and that this omission is fatal, under the statute of frauds; and (*b*) that the bill fails to set forth that the contract of sale was acknowledged by Mrs. Rossi, who was the owner of the premises and was a *feme covert*, and that·this omission is fatal, under section 39 of the act concerning conveyances.

As to the first proposition (*a*), complainant argues that the statute of frauds does not limit the requisite signing of the contract to a signing by the vendors (or the "party to be charged therewith"), only; that it is equally efficacious if the contract be signed by "some other person thereunto by him or her lawfully authorized;" that such "lawful authorization" need not be by written instrument, but is sufficient if merely by parol; and that the bill alleges that the con-

tract was made by one Ackley as the duly authorized agent of the vendors.

All this is true. I doubt, however, that it sufficiently appears, either by the bill or by the copy of the written agreement annexed thereto, that the contract was in fact *signed* by the agent (nor, of course, by the principals). To complainant's name, at the foot of the copy of the agreement, is prefixed the parenthesized word "(signed)," but not so as to the name of the agent. The bill alleges that Ackley as the vendors' duly authorized agent "entered into the written agreement" with complainant—but *quære*, is that statement equivalent to, or does it import, an allegation that he actually signed it?

Fortunately the point needs not to be determined upon any such narrow, technical ground. The answer to defendants' proposition is that it is not necessary for complainant to allege that the bill was signed either by the vendors or by a duly authorized agent. He is not required to negative by his bill the application of the statute of frauds. *Ziegener & Lane* v. *Daeche, 91 N. J. Law 634.*

As to the second proposition (*b*) : In *Corby* v. *Drew, 55 N. J. Eq. 387,* it is held that equity cannot specifically enforce against a married woman her contract of sale—in the absence of her acknowledgment to such contract as required by the statute (section 9 of the act as then in force). In *Goldstein* v. *Curtis, 63 N. J. Eq. 454,* the converse is decided, namely, that a contract of sale by a married woman is specifically enforceable against her, if it has been duly acknowledged by her, and such acknowledgment duly certified, all in accordance with the provisions of the thirty-ninth section of the act concerning conveyances. In *Ten Eyck* v. *Saville, 64 N. J. Eq. 611,* it is determined that a married woman's unacknowledged contract of sale affords the vendee no right to a decree in equity compelling conveyance to himself from her subsequent grantees with notice. At the time of these decisions the thirty-ninth section of the statute referred to required the married woman's acknowledgment to be made separate and apart from her husband and to be that her ex-

ecution and delivery was made freely, and without any fear, threats or compulsion from her husband. The necessity of these features of the acknowledgment was eliminated by the amendment. *P. L. 1918 p. 119*. Nevertheless an acknowledgment and certificate, of the modified character and form prescribed by the 1918 amendment, was held by Vice-Chancellor Backes in *Chassman* v. *Wiese, 90 N. J. Eq. 1108,* still to be essential to a married woman's contract to sell lands in order to make it specifically enforceable against her. Vice-Chancellor Stevens, who wrote the opinion in *Corby* v. *Drew, supra,* and *Ten Eyck* v. *Saville, supra,* intimated the possibility of doubt on this point, in *Oppenheim* v. *Oppenheim, 91 N. J. Eq. 160,* probably being unaware of the then just recently decided determination in *Chassman* v. *Wiese, supra*. The latter was followed by Vice-Chancellor Fielder, and affirmed by the court of errors on his opinion, in *Schwabinger* v. *Saxon, 92 N. J. Eq. 461*. It is obvious therefore that the rule in *Ten Eyck* v. *Saville,* as well as that in *Corby* v. *Drew,* is still the law.

In the instant case the married woman did not herself sign or acknowledge the contract of sale. Assuming that it sufficiently appears that it was signed by any one beside vendee (*vide supra*), it was signed on behalf of herself and her husband by John W. Ackley as their "duly authorized" agent, and it is also alleged that it was acknowledged. By whom it was acknowledged is not alleged—whether by the vendors or one of them, or the agent Ackley, or by the vendee. If the fact of the acknowledgment by the married woman, or her agent, is a necessary allegation in the bill (which will be discussed later), the allegation actually made is insufficient, and nothing appears on the copy of the contract to cure the defect. Let us assume for the present that the acknowledgment was by the agent and was made on behalf of the married woman vendor and himself as her agent. Would that operate to make the contract enforceable in equity against her?

By the act of 1918, *supra,* the act concerning conveyances, section 39, provides that—

"No estate or interest of a *feme covert* in any lands  *  *  * shall hereafter pass by her deed or conveyance" without *her* acknowledgement and the official's certification thereof. It also provides that

"every deed or instrument of the nature or description set forth in the twenty-first section of this act  *  *  *  executed by her (*i. e.*, a *feme covert*), and so acknowledged and certified as aforesaid, shall be good and effectual to convey or affect the lands  *  *  *  or her interest therein, thereby intended to be conveyed or affected."

The specification in the twenty-first section includes "letters of attorney for any sale, conveyance," &c.

It would seem probable that under these statutory provisions, a contract of sale executed and acknowledged by the agent of a *feme covert* vendor, in her name and on her behalf, should be sufficient to give the vendee a right to specific enforcement of such contract, if the agent had been clothed with the authority so to execute and acknowledge such contract, under and by virtue of a written power of attorney in that behalf, executed by the *feme covert* and having her acknowledgement and the certification thereof pursuant to the statute. Compare *Goldstein* v. *Curlis, supra* (at *pp. 460, 461*). At any rate let us assume this to be true. Nevertheless I think there can be no doubt that such contract made and acknowledged by the agent under mere parol authority or under any other authority than such written power of attorney, executed and acknowledged by the *feme covert* and with the requisite certification thereof, would be of no avail whatever to a vendee seeking specific performance. Compare the reasoning in *Corby* v. *Drew, supra* (at *pp. 392-3*), and *Ten Eyck* v. *Saville, supra* (at p. 612).

So much for the substantive law. Remains to be considered the application thereof from the standpoint of pleading. It is quite clear that the facts of the married woman's acknowledgment and the certification thereof (either to the contract of sale itself or at least to a power of attorney for such contract) are essential to the creation of the vendee's right in equity. Their right does not affect his right at law

to recover damages against her for her breach of the contract. *Wolff* v. *Meyer, 75 N. J. Law 181*. They are not essentials to the validity of her contract as a contract. But the vendee's right of action in equity is very different from his right of action at law. The former rests upon the validity of the contract, not as a mere contract, but as a conveyance. His right in equity is upon the theory that the contract has conveyed to him an equitable title to the land; that the vendor is left with the legal title as trustee for the vendee; and (in such a case as the present) that a subsequent grantee—unless he is a purchaser for value without notice—takes only the legal title and likewise holds it in trust for the vendee. *Haughwout* v. *Murphy, 22 N. J. Eq. 531* (at *pp. 546-7*). Obviously, then, if a contract is invalid as a conveyance, the vendee has no equitable title for none was conveyed to him thereby: he has therefore no cause of action to compel conveyance to him of the legal title, either as against the vendor or a subsequent grantee. *Ten Eyck* v. *Saville, supra* (at *p. 614*). Hence in order for complainant vendee to maintain an action for specific performance he must prove that the contract was valid as a conveyance and did transfer to him the equitable title, and in order to do so in such a case as the present, he must prove at least a duly acknowledged and certified power of attorney to make the contract. But how much of this is he required to set forth in his bill?

In *Wilkinson Gaddis Co.* v. *Van Riper, 63 N. J. Law 394* (at *p. 396*), the rule is set forth:

"The general rule of pleading is that when a statute makes a writing necessary in a common law matter, where it was not so before, in declaring on that matter, it is not necessary to state that it is in writing, although it must be proved in evidence; but when the matter is created by statute and a writing is required, then the pleading must aver the existence of the writing. *Brandt S. & G.* (*ed. 1878*), section 77, and cases cited."

Under that principle, the inquiry in the instant case is whether or not, prior to the original enactment of the prohibitory provision now comprised in section 39 of the Con-

veyances act, a married woman's contract to sell lands, joined in by her husband, but not acknowledged by her, could have been specifically enforced against her. If not, then the right to such specific enforcement rests upon the statutory authorization comprised in the second part of the thirty-ninth section aforesaid, and under the rule above quoted, the bill must allege the requisite acknowledgment and certification. So far as I am aware this question has never been expressly decided. It was left undecided in *Goldstein* v. *Curlis, supra (460-1)*. It seems to me, however, that it must inferentially be assumed to have been decided, although not so stated, in *Schwarz* v. *Regan, 64 N. J. Eq. 139*, as the necessary basis for the decision in that case. *Bijur & Co.* v. *Machinists' Assn., 92 N. J. Eq. 644* (at top of *p. 646*). *Schwarz* v. *Regan* came before this court in precisely the same way as the present case. The bill was to enforce a contract made by a married woman and her husband. It did not appear by the bill that the contract had been acknowledged by her, and this omission was held fatally defective and to require the bill to be struck out.

I think, therefore, that that decision controls the disposition of the present motion, and that complainant's bill must be struck out because of the failure to show, at the least, a proper power of attorney, acknowledged by the defendant Frances Rossi, and the certification of such acknowledgment.

Complainant may be able to amend, and may have leave so to do within ten days.