JOSEPH KOLINSKY, appellant,

v.

ANTONIA PILZ et al., respondents.

[Decided April 20th, 1923.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Griffin, who filed the following opinion:

"In the above case the wife, Antonia Pilz, was the owner of the land, and the husband, Frank Pilz, was the owner of a bakery business conducted thereon. On February 11th, 1916, as the result of previous negotiations, Frank sold his bakery business to Kolinsky, and Antonia made a lease for five years of the premises in question, with the provilege to use part of the adjoining lands of Antonia in connection with his business. In the lease Antonia agrees to sell the premises in question, at the end of the term, for the sum of $7,000. The husband did not sign the lease; nor is there a private examination, separate and apart from the husband, contained in the acknowledgment; and, treating the agreement to sell as a contract, two questions arise—*first*, can the wife be compelled to specifically perform the contract, and, *second*, she having conveyed the property by *mesne* conveyances to Frank on September 29th, 1916, can Frank and his wife be compelled to perform?

"I give little credit to the stories of the defendants, and take the story of the complainant and of Mr. Eypper, the scrivener who drew the instruments, as being true.

"It appears that Frank desired to sell his business, and the complainant was willing to buy, but, naturally, wanted a lease for a long term. He asked for a ten-year lease, but Antonia was unwilling to make a lease for such a long term, and thereupon asked why the complainant would not buy the

property at that time for $6,000, and the complainant said he did not have the money. Then it was agreed that the lease should be made for five years, and at the end of which term Antonia should sell the premises for $7,000. There was in the bill of sale given by Frank to the complainant, as originally drawn, a provision that he, Frank, would not engage in business for ten years, and, to make it correspond with the lease, this period was cut down to five years. It is quite plain that, in the absence of the husband joining in the deed, even though the wife properly acknowledged it according to law, equity could not decree specific performance. *Corby* v. *Drew, 55 N. J. Eq. 387.*

"But there is a further defect: At the time this lease was acknowledged the separate acknowledgment of the wife was required. No such separate acknowledgment is contained in the certificate. For this reason, also, the lease, as a contract to convey, is defective and unenforceable. *Chassman* v. *Wiese, 90 N. J. Eq. 108,* and cases cited. On March 17th, 1916, an act was passed which rendered the separate examination unnecessary thereafter; but this act applies only to conveyances, contracts, &c., made after the passage of the act. Thus, on September 29th, 1916, when Frank became vested with the fee through *mesne* conveyances, even though charged with notice of the terms of the lease, he was no more bound than his wife (*TenEyck* v. *Sayville, 64 N. J. Eq. 611*), unless some peculiar equity intervened. In *Lorillard* v. *Union Brick and Tile Manufacturing Co., 45 N. J. Eq.* 289, the wife made a contract which was regarded as unenforceable; but, subsequently, her husband died, which made her free to contract. She then conveyed to Lorillard subject to the contract, and the court of errors and appeals held that this was, in effect, a new contract which bound her vendee

"The only peculiar equity which is urged in this case is that, in effect, the making of the bill of sale and the lease were a part of the same transaction, and, therefore [the husband now having the title], the husband and wife should be compelled to convey; and *D'Elissa* v. *D'Amato, 85 N. J. Eq. 466; affirmed, 86 N. J. Eq. 244,* is cited for the pur-

pose of supporting the complainant's right under theory of part performance. But the two cases are not alike. There the vendee had paid the full purchase price, improved the premises, and was in possession; and the decree was for specific performance as against his heirs, without affecting the widow's dower right, or the right, if any, of the purchaser at the administrator's sale. Here the purchase price was not paid.

"There is no evidence that Frank ever agreed to convey.

"What he agreed to sell was the bakery business; and while the lease and the bill of sale were independent documents, they were part of the same transaction; and it is quite probable that if this agreement to sell was not contained in the lease the complainant would not have bought the bakery and taken the lease. As the case now stands, however, the wife signed the lease with the agreement to sell, which constituted one contract; and the husband signed the bill of sale, which was the other. There is no evidence that he agreed to sign the deed or join in any conveyance with his wife as an inducement to a sale of the bakery. It is unlike the case of *Wharton* v. *Stoutenburgh, 35 N. J. Eq.* 266, where the agreement for a lease was definite in all its parts and well ascertained, and it was contemplated that a formal lease should be signed, which lease was written up and a copy sent to the defendant, who retained the same and entered into possession of the mine and undertook to operate it under the lease.

"The case might well be decided on the first point, but counsel having devoted some time to the argument of the second, it was deemed proper to pass upon it.

"I may add that the evidence is quite clear that no fraud was perpetrated by the complainant upon the defendants, and that the contract was fair.

"A decree will be advised dismissing the bill."

*Mr. Edward Hollander,* for the appellant.

*Mr. Abe D. Levenson,* for the respondents.

*94 N. J. Eq.* Lowy *v.* McMenimen.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Griffin.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, GARDNER, ACKERSON, VAN BUSKIRK—14.

*For reversal*—None.