WILLIAM S. MEEKS, complainant,

*v.*

MARY M. BICKFORD et al., defendants.

[Decided November 7th, 1923.]

Where the county clerk of a sister state certified that a notary who took the acknowledgment of a deed covering property in New Jersey was "duly authorized to take the same" this language is substantially that called for by the twenty-third section of our Conveyance act as amended (*P. L. 1912 p. 326*) and authorize the recording of such deed.

On bill, &c.

*Messrs. Morrison, Lloyd & Morrison (Mr. Frank A. Morrison)*, for the complainant.

*Mr. Pierre F. Cook,* for the defendants.

BENTLEY, V. C.

This is a bill under the statute to quiet title and presents for determination a single question, namely, whether or not

a county clerk's certificate from another state was sufficient to authorize the recording of a deed.

In 1914 the complainant purchased land in Bergen county, taking three separate deeds on different dates from one Juliette Smith. On October 11th, 1916, the defendant took a conveyance of the same land from the same grantor and paid consideration therefor. The defendants' deed was executed in Kansas before a notary public of that state, and was promptly recorded in the office of the clerk of Bergen county on October 16th, 1916. The complainant, on the other hand, did not record his deeds until more than a year and a half thereafter and nearly four years after taking the same. Under this state of facts it would appear that the defendant has the better right to the title, because the fifty-ninth section of the statute entitled "An act respecting conveyances" provides, in the pertinent part thereof, as follows:

"Every deed * * * shall, until duly recorded, * * * be void and of no effect against * * * all subsequent *bona fide* purchasers * * * for valuable consideration, not having notice thereof, whose deed * * * shall have been first duly recorded, * * * provided that such deeds * * * shall be valid and operative, although not recorded, except as against such subsequent * * * purchasers."

But the attack made upon this position assumed by the defendants is that the certificate of the county clerk does not conform to the requirements of the twenty-third section of the act just mentioned as amended in the pamphlet laws of 1912, at page 326. The pertinent provision of this latter section provides that an acknowledgment of a deed executed out of this state shall be an effectual one, provided in such cases the certificate of acknowledgment or proof shall be accompanied by a certificate under proper seal, that the officer before whom such acknowledgment or proof was or shall be made was at the time of the taking of the said proof or acknowledgment "authorized *by the laws of such state,* territory, or district to take acknowledgments and proof." The form of acknowledgment and the language of the certificate of the Kansas county clerk in this respect was as follows:

"State of Kansas  } *ss.*
County of Shawnee }

Be it remembered that on this 11th day of October, in the year of our Lord nineteen hundred and sixteen, before me a notary public, personally appeared Juliet C. Smith [unmarried], who I am satisfied is the grantor mentioned in the within indenture, and to whom I first made known the contents thereof, and thereupon she acknowledged that she signed, sealed and delivered the same as her voluntary act and deed for the uses and purposes therein expressed.

A. V. LINDELL, *Notary Public.*"

"State of Kansas,  }
County of Shawnee,  } *ss.*
Third Judicial District, }

I, C. W. Bower, clerk of the district court of Shawnee county, state of Kansas, the same being a court of record, do' hereby certify that A. V. Lindell, whose name is subscribed to the certificate of the proof or acknowledgement of the annexed instrument, and thereon written, was, at the time of taking such proof or acknowledgment, a notary public in and for the county of Shawnee, dwelling in the said county, commissioned and sworn, and duly authorized to take the same. And, further, that I am well acquainted with the handwriting of such notary, and verily believe that the signature to the said certificate of proof or acknowledgment is genuine.

In testimony whereof, I have hereunto set my hand and affixed the seal of said court, this 11th day of October, 1916.

C. W. BOWER."

If the county clerk's certificate does not come within the meaning of the twenty-third section of the act respecting conveyances then, of course, the recording of it is a mere nullity. To this effect will be found, among others: *Brinton* v. *Skull, 55 N. J. Eq. 747; Osborn* v. *Tunis, 25 N. J. Law 633; Lindley* v. *O'Reilly, 50 N. J. Law 636.*

The question to be determined is whether or not this certificate of the county clerk was a substantial compliance with the language of the twenty-third section of the act providing for acknowledgment taken out of the state. I say "substantial compliance" because that is the language of all the cases, of which *Den* v. *Geiger, 9 N. J. Law 225,* and *Thayer* v. *Torrey, 37 N. J. Law 339,* are typical. The rule laid down in all these cases is that substantial but not verbal compliance is required. It seems to me that the clerk's certificate in this instance is good because it appears by the acknowledgment set out above that the same was taken in the

county of Shawnee, State of Kansas, and immediately thereafter, on the county clerk's certificate attached to the acknowledgment to which it refers, it is said that the notary was a notary in and for that county, commissioned and sworn, "duly authorized to take the same." Yet the complainant says that this is an attempt upon the part of the county clerk to usurp the functions of this court and adjudicate that the acknowledgment is efficacious within the State of New Jersey, and not a certificate as the law requires, that the notary was authorized by the law of that state to take acknowledgments in Kansas. This seems to be a very strained construction of the language of the county clerk, taken in connection with the acknowledgment. Some force must be given to the presumption that public officers know their duties and perform them. *1 R. C. L. 256.* In this case the incumbent of the very responsible office of county clerk has certified that the acknowledgment which, on its face, shows it to have been taken in Kansas was taken by an officer duly authorized to do so, and it can scarcely be thought that the county clerk meant that the notary was authorized by the grantor, or by any other than the entity that authorizes all public officers to perform their public duties, and that, of course, is the law of the jurisdiction in which they act. It seems clear to me that the meaning to be given to the language of the certificate of the county clerk is substantially that called for by the twenty-third section of the act.

The legislature has established the policy of this state with regard to requiring a class of instruments, of which a deed is one, to be recorded. It is clearly the intent of that policy that protection be given to the diligent grantee who forthwith gives notice to all the world from then on of his title, and that any other interpretation of the language used in the certificate would defeat the clearly-expressed purpose of the law. That this policy is generally prevalent throughout this country will be shown by an examination of the case of *Summer* v. *Mitchell, 29 Fla. 179,* which will be found in *14 L. R. A. 815,* with a wealth of citations, both in the opinion and the foot notes attached thereto.

No proof of fraud or actual knowledge has been given, nor has any question been raised as to the effect of the defendant's deed, whether recorded or not recorded. The only question that has been pressed by the parties for determination is the one that I have discussed, and being ineffective to change my decision it is not necessary to consider any other aspect of the case.