The bill in this cause is filed for the specific performance of a contract for the exchange of properties, with an adjustment of the difference in values in cash. The bill alleges that "the contract was executed in duplicate and was duly acknowledged by all the parties, before Ralph B. Sanborn, Esq., master in chancery of New Jersey. The certificate of said acknowledgment by the said parties was not endorsed by said master on said agreement of exchange, and the said agreement, *Page 89 
in duplicate, was immediately exchanged by the parties respectively."
The defendants' answer, among other things, sets up that the agreement was not acknowledged by either of the defendants.
On the hearing of the cause the complainants offered in evidence the original contract, dated December 11th, 1923, signed by the complainants and defendants, but no certificate of acknowledgment was written thereon or attached thereto.
There was evidence of witnesses offered at the trial, over objection of the defendants, that Mrs. Wira acknowledged the contract. This evidence was received tentatively, but, on reflection, I have reached the conclusion that the same is inadmissible to prove the acknowledgment. The statute (P.L. 1918p. 119), which amends section 39 of the Conveyance act, provides that no estate or interest of a feme covert in any lands, tenements or hereditaments lying and being in this state shall hereafter pass by her deed or conveyance without a previous acknowledgment, * * * and a certificate thereof written on or under or annexed to the said deed or conveyance and signed by the officer before whom it was made; and it provides further that "every deed or conveyance heretofore or hereafter so executed and acknowledged by a feme covert, and certified as aforesaid, shall release and bar her right of dower, and every deed or instrument of the nature or description set forth in the twentyfirst section of this act heretofore or hereafter executed by her and so acknowledged and certified as aforesaid shall be good and effectual to convey or affect the lands, tenements, c., thereby intended to be conveyed or affected." Under this statute not only is the acknowledgment necessary, but the certificate is a condition precedent to the passing of any estate or interest in the lands of a feme covert. Hall v. Otterson, 52 N.J. Eq. 522
(at p. 529); Potter v. Steers, 95 N.J. Eq. 102;122 Atl. Rep. 685; O'Neill v. Linowitz, 92 N.J. Eq. 179, 182; Kotok v.Rossi, 94 N.J. Eq. 327, 333. And oral evidence cannot be substituted for the certificate. *Page 90 
Mr. Sanborn, who represented the defendants, and is said to have taken the acknowledgment after the case was closed, on July 8th, 1924, wrote on the agreement a certificate of acknowledgment, dating the same as of the date when the contract was signed. In order to properly present the issue, the case was reopened to permit the offering of the contract in evidence with the certificate of acknowledgment annexed, with evidence of when it was actually written upon the instrument. If this certificate, when so written, complies with the statute, then the complainants should prevail; if otherwise, then the married woman defendant is not bound.
It is well settled in this state that the contract of a married woman for the conveyance of lands cannot be enforced against her unless she acknowledges the instrument according to law.Rittenhouse v. Swiecicki, 94 N.J. Eq. 36, and cases cited. And this acknowledgment must be accompanied with a certificate as provided in the act of 1918.
It is quite apparent that when this contract was delivered it was unenforceable against Mrs. Wira, because of the absence of this certificate.
The case therefore presents the question whether, after the delivery of the contract, the officer may, by writing the certificate on the instrument, render it enforceable without a further delivery?
In Potter v. Steers, supra, Vice-Chancellor Backes said: "The delivery of a deed is essential to the passing of title to land, and the statute relating to the acknowledgment of deeds of married women requires a previous acknowledgment, and that the certificate accompany delivery."
Here, as the instrument was unenforceable against Mrs. Wira when delivered, and no delivery having been made after the certificate was written on the agreement, I must hold that the contract continued unenforceable against the defendant Mrs. Wira.
In the event that it is held that the contract is unenforceable against Mrs. Wira, the complainants ask that a decree be made directing the defendant Samuel Wira to perform *Page 91 
either with an abatement of the purchase price, or indemnity against the inchoate right of dower if the wife refuses to join in the deed. The contract in question provides for the exchange of properties, and as the property of the defendants was considered to be worth $4,000 more than that of the complainants, it was provided that this sum should be paid by the complainants to the defendants, and on the execution of the agreement the complainants paid to the defendants the sum of $500 as part of said sum of $4,000. At the foot of the agreement is the following clause: "In the event of failure for valid reason to complete this exchange of title, the said parties of the second part agree to refund to said party of the first part the $500 deposit, and all liability further be at an end." This sum of $500 was tendered by the defendants to the complainants, who refused to accept the same. It seems to me that the refusal of the wife to join in the conveyance (her refusal not having been induced by her husband) is a valid reason excusing the defendant Samuel Wira from executing a deed subject to the inchoate right of dower of his wife, with an abatement of the purchase price or indemnity to the complainants.
A decree will be advised dismissing the bill.