The complainants file their bill to compel the defendants, wife and husband, to convey the wife's house and lot, which *Page 46 
they agreed to sell for $5,500, and in acknowledgment of which, at the time of the down payment, they gave this receipt:
"Received from Raffaelo Celendano and Angela, 327 Jefferson street, Newark, New Jersey, 200/two hundred dollars — deposit any house, 174 South Str. —
Price .......................................... $5500.00 Dollars
Deposit ........................................ 200.00 "
 __________
Balance ........................................ $5300.00 Dollars

Newark, N.J., May 22d 1924.
 (Signed by cross) MARY CZENSCIK VAL BLAXEJEWSKI CHARLEY MILLER. WILLIAM CZENSCIK."
Miller witnessed the signatures. A certificate of acknowledgment in due form is annexed, dated August 22d 1924. Fire partly destroyed the house, and, after it was repaired, the defendants refused to convey, and they now set up that the complainants were to pay $5,500 and take the property subject to two mortgage encumbrances; that after the fire the complainants abandoned the contract; that the certificate of acknowledgment is untrue, and that the memorandum in writing does not meet the requirements of the statute of frauds. I find against the defendants on the questions of fact. The memorandum contained all of the contract that the statute requires. Johnson v. Buck,35 N.J. Law 338; Wollenburg v. Rynar, 96 N.J. Eq. 38.
But the contract cannot be enforced. A married woman cannot convey land except by a duly acknowledged deed. Whalen v.Manchester Land Co., 65 N.J. Law 206. And she cannot bind herself to convey land except by a contract in writing duly acknowledged. Corby v. Drew, 55 N.J. Eq. 387; Goldstein v.Curtis, 63 N.J. Eq. 454; Schwarz v. Regan, 64 N.J. Eq. 139;TenEnck v. Saville, 64 N.J. Eq. 611; Saldutti v. Flynn,72 N.J. Eq. 157; Chassman v. Wiese, 90 N.J. Eq. 108; Crandall v.Graham, 93 N.J. Eq. 675; Rittenhouse v. Swiecicki, 94 N.J. Eq. 36; Kotok v. *Page 47 Rossi, 94 N.J. Eq. 327; Kolinsky v. Pilz, 94 N.J. Eq. 796. At common law a married woman could not contract to convey land. By the fifth section of the Married Woman's act (Comp. Stat.p. 3226), she may contract as though she were unmarried, and, for breach of her unacknowledged contract in writing to sell land, is personally liable in damages. Wolff v. Meyer,75 N.J. Law 181. But such a contract cannot be specifically enforced. All the enabling acts empowering her to convey or to contract to convey land require, as an essential to the exercise of the power, a previous acknowledgment, duly certified to her deed or contract. Section 39 of the Conveyance act, amended P.L. 1918p. 119, as to conveyances and contracts for the sale of land. Section 39a (Comp. Stat. p. 1548), as to conveyances in which her husband joins by power of attorney, and section 40, as to conveyances by power of attorney, duly acknowledged by her. Section 8 of the Married Woman's act (Comp. Stat. p. 3229), as to releases of interest in land, and section 8f (Comp. Stat.p. 3231), as to conveyances in execution of a written contract to sell lands, duly acknowledged. The receipt satisfies the statute of frauds and is competent proof of an oral agreement. It is not a contract. It is only a memorandum of the contract. The certificate of acknowledgment to the memorandum is nugatory.TenEyck v. Saville, supra.
 The bill will be dismissed. *Page 48