On April 3d 1925, complainant's assignor entered into a contract to purchase real property. The agreement was reduced to writing, and the complainant seeks specific performance thereof. Two reasons are assigned by the defendants for their motion, one being that the bill alleges upon its face that the defendants have not at any time been ready, willing and able to convey to the complainant. With this I have no difficulty. The defendants seek to draw the conclusion from this language that the complainant means only that the defendants have never been able to make title. That is not so. It means just what it says upon its face, to wit, that whether or not they have ever been able, they have never also been ready and willing to perform their contract. Whether or not they have ever been able and willing, they have never been ready. Furthermore, it is within the undoubted power of this court to decree specific performance of such a contract with application of the purchase-money to pay the outstanding liens, or require compensation for deficiencies or indemnity. Stein v. Francis, 91 N.J. Eq. 205.
The other objection, while highly technical, is more troublesome. Both of the defendants, who are man and wife, signed the contract, but the certificate of acknowledgment is in the following unsatisfactory form:
"State of New Jersey, County of Hudson, ss.:
Be it remembered that on this 7th day of April, 1925, before me, the subscriber, a notary public of New Jersey, personally appeared Cornelius Flanigan, who, I am satisfied, is the grantor in the within agreement named; and I, having first made known to him the contents *Page 200 
thereof, and did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed:
And the said Mary Flanigan, being by me privately examined, separate and apart from her husband, did further acknowledge that she signed, sealed and delivered the same as her voluntary act and deed, freely, without any fear, threats or compulsion of her said husband.
 WILLIAM DALY, Notary Public of New Jersey."
Chapter 37 of the laws of 1918 provide that no estate of a married woman of lands in this state shall pass by her deed or conveyance without a previous acknowledgment before an appropriate officer, "such officer being satisfied she is the person named in such deed or conveyance and having first made known to her the contents thereof, and a certificate thereof written on, or under, or annexed to the said deed or conveyance, and signed by the officer before whom it was made." Comparing the language of the certificate with that of the statute, it will be seen that while the acknowledgment of the husband was unexceptionable the certificate of the acknowledgment of the wife is defective, in that it does not state that the notary "first made known to her the contents thereof." This I consider to be fatal. I agree thoroughly with counsel for complainant that a substantial compliance with the act is sufficient. Meeks v.Bickford, 95 N.J. Eq. 177; affirmed on that ground in 96 N.J. Eq. 321.
This, however, is not a virtual compliance with the requirements of the act, but, on the contrary, is a distinct omission to certify one of the vital provisions thereof. Neither can I agree with counsel that the omission may be corrected by evidence at the final hearing. It will have been observed that the legislature has required that a certificate of the publication of the contents of the contract shall have been made and attached to the instrument. In Koperski v. Wira, 97 N.J. Eq. 88.
Vice-Chancellor Griffin said that testimony could not be substituted at the final hearing to prove that the statute had been complied with at the time of execution. It is argued that that case is distinguishable from the one at bar, because in the former there had *Page 201 
been no certificate attached to the contract of any kind, either good or defective. This makes no difference, because every necessary provision of the statute must be complied with in the certificate (not, I agree, in any precise or predetermined form but in substance), and the failure to do so as to any one of the requirements is a fatal omission that cannot be supplied at the hearing. As to this, there was no certificate. I think there is sufficient in the acknowledgment to show that the notary was satisfied that the woman was the person named in the contract, but that does not cure the other defect. None of the authorities cited by complainant's counsel support the contention that this defense is not fatal. They do hold that inadvertent mistakes in a word, grammatical construction or typographical error can be explained. They do not in any way indicate that failure to certify a fact, which the legislature has required shall be certified upon the instrument itself, or a document attached thereto, is of no moment. This clear requirement is of the very essence of the intention of the legislature, and its absence renders the attempt to take acknowledgment of the wife a nullity.
Complainant's counsel seeks to invoke the maxim of clean hands. That rule is applicable only to the conduct of the actor. Pom.Eq. Jur. § 397. These defendants did not "come" into court, they were brought in.
This case is typical of so many caused by the present rising market in real estate, and I regret that I consider the defect to be fatal. I labored under the misapprehension that the entire title was in the husband, and had contemplated decreeing specific performance upon his part, with abatement or security. I find that to be impracticable, however, because the defendants hold by the entirety.
I will advise an order striking out the bill of complaint, for the reason I have explained. *Page 202