Complainants, as vendees, bring this suit against defendants, as vendors, for the specific performance of a written contract entered into between them on September 8th, 1928. The property in controversy, and referred to in said contract, consists of approximately nine acres of land located in the borough of Oakland, Bergen county, a factory building located thereon and certain articles of personal property therein found, and in addition thereto a right of way leading from the main road to the property in question, and also the use of a private raceway for water-power purposes, as to both of which easements, however, the contract is entirely silent. By way of incidental relief, complainants also seek to enjoin defendants from prosecuting an ejectment suit which defendants have instituted against them to recover possession of the property in question.
Although the contract fixed October 8th, 1928, for its consummation, said time being of the essence, neither of the parties attempted to close on that day. There were several written extensions agreed upon between the parties, the last of which expired on December 20th, 1928. None of these, however, provided that the time thereby fixed was of the essence. Thus, it is evident that the parties did not consider that time was to be of the essence of their contract, or, at least, by their subsequent conduct, waived that proviso of their contract.Kerney v. Johnson, 104 N.J. Eq. 244.
There is a sharp conflict in the evidence produced on behalf of the respective parties. Each charges the other with *Page 333 
having defaulted in the performance of the contract in question. On the one hand, it is asserted by complainants that they made demand upon defendants to perform; that defendants failed to comply with their demand because of their inability — due to lack of funds — to remove the tax, mortgage and attachment liens which encumbered the property, and because of their failure to provide complainants with a mortgage for the property in question.
On the other hand, defendants claim that complainants, upon their own application, had been granted a mortgage loan by a building and loan association, and further assert that complainants refused to consummate the contract because of their desire to have a judicial determination with respect to certain water rights, which they claimed had been represented to be incidental to the property in question. Defendants further claim that the doubtful state of these water rights was the only reason advanced by complainants at the time for their unwillingness to then close, nothing having been then said with respect to the existence of the tax, mortgage and attachment liens against the property, and all of which defendants say they would have been in a position to remove by the funds which they would have realized at the time of the closing.
Apparently, the water rights consisted of the use for power purposes of a certain dam and raceway near the property; as such it undoubtedly was a valuable adjunct to the property in question and the operation of the factory thereon located. Complainants, as the prospective owners and operators of this factory site, naturally were interested in these water rights, and must have been desirous of having the uncertainty, which surrounded them, settled by some judicial determination. It is conceded that a suit was brought by the Fairlawn Manor Homes Company with respect thereto and whereby it sought to enjoin both of the parties to this litigation from using the dam or raceway in question.
I am satisfied that the legal doubt, which existed in complainants' mind with reference to these water rights, constituted at least one, if not the only one, of the reasons for *Page 334 
which complainants did not manifest an eagerness or promptness, to say the least, in insisting upon defendants' performance of their part of the contract. Else, why did they idly stand by and wait until after defendants had taken the offensive by bringing ejectment suit against them before the filing of the present bill; especially since defendants had failed to comply with their demand for performance on December 20th, 1928, as claimed by complainants themselves? It is a wholesome rule of this court that he who seeks performance of a contract for the conveyance of land must show himself ready, desirous, prompt and eager to perform the contract on his part. Pyatt v. Lyons, 51 N.J. Eq. 308; Meidling v. Trefz, 48 N.J. Eq. 638; City of Newark v.Lindsley (N.J.), 114 Atl. Rep. 794; Barry v. Ruskin,99 N.J. Eq. 730; affirmed, 100 N.J. Eq. 557; Merlis v. G. M.Corp., 143 Atl. Rep. 139.
There is an additional legal impediment to granting the relief here sought. The contract sued upon, although signed, was never acknowledged by defendant, Cora A. Wilkins, the wife of the other defendant to this suit. That this omission precludes the granting of specific performance as against her is now well settled by the authorities. Corby v. Drew, 55 N.J. Eq. 387; Schwarz v.Regan, 64 N.J. Eq. 139; Ten Eyck v. Saville, Ibid. 611;Rittenhouse v. Swiecicki, 94 N.J. Eq. 36; Kotok v. Rossi,Ibid. 327; Kolinsky v. Pilz, Ibid. 796; Celendano v.Blazejewski, 98 N.J. Eq. 45.
Specific performance is a remedy resting within the sound discretion of the court and should not be granted unless the right thereto is clearly and conclusively established by the one who seeks it. In the face of the uncertain, unsatisfactory and conflicting character of the evidence adduced by complainants, as well as the legal obstacle hereinbefore referred to, I am constrained to deny the relief here sought and to leave the parties to their respective rights and remedies at law. I will advise a decree dismissing the bill. *Page 335