Complainants have filed their bill to compel the defendants, husband and wife, to specifically perform a written contract to sell real estate in Atlantic City, title to which they hold by the entirety. Defendants move to strike the bill for the single reason that the agreement to sell "was not acknowledged as required by the statutes of New Jersey." Defendants contend *Page 120 
that this court has never decreed and should not now decree specific performance by a married woman of a contract to sell real property not formally acknowledged by her before an officer authorized to take acknowledgments and not bearing the certificate of such acknowledgment.
For more than one hundred years an acknowledgment, in the manner prescribed by statute, was an indispensable requisite to an effective conveyance of land by a married woman in New Jersey. See "An act respecting conveyances," passed June 7th, 1799,Paterson's Revision 398; chapter 232, section 39, P.L. 1898, amended, chapter 110, P.L. 1912, and supplemented, chapter157, P.L. 1916; and chapter 37, P.L. 1918. Section 39 of the 1898 Revision, which contained the restrictive provisions of the law affecting conveyances of real estate by married women, was repealed by chapter 208 of the laws of 1934. The legislature, before repealing section 39, adopted chapter 207, an amendment to the act of 1874 relating to the property of married women. The pertinent provisions of this amendatory statute, sections 5 and 14, are presently the law and identified as R.S. 37:2-16 andR.S. 37:2-17. They read:
"37:2-16. Any married woman shall have the right to bind herself by contract in the same manner and to the same extent as though she were unmarried, which contract shall be legal and obligatory, and may be enforced, in law or in equity, by and against such married woman in her own name and apart from her husband, and any contract relating to or affecting her estate, interest or right in her real property or that of her husband shall be valid without the joinder therein or consent thereto of her husband, but shall not affect any estate, interest or right of her husband in such real estate."
"37:2-17. Any married woman may execute and deliver any instrument relating to or affecting her estate, interest or right in her real property or in that of her husband, with the same effect as if she were unmarried, and any such instrument shall be valid without the joinder therein or consent thereto of her husband; but no conveyance, deed, contract or act of such married woman shall affect any estate, interest or right of her husband in such property."
Until chapters 207 and 208 became the law of this state, this court logically and consistently refused to decree specific performance by a married woman of her contract to sell real estate if she had not acknowledged the same before an officer *Page 121 
qualified to take her acknowledgment and his certification of the taking of the acknowledgment did not appear upon the contract. It declared that as a married woman could not convey land except by a duly acknowledged deed, she could not bind herself to convey land except by a contract in writing duly acknowledged. Some of the cases in point are: Corby v. Drew, 55 N.J. Eq. 387;36 Atl. Rep. 827; Ten Eyck v. Saville, 64 N.J. Eq. 611;54 Atl. Rep. 810; Chassman v. Wiese, 90 N.J. Eq. 108; 106 Atl. Rep. 19;Schwabinger v. Saxon, 92 N.J. Eq. 461; 110 Atl. Rep. 15;Koperski v. Wira, 97 N.J. Eq. 88; 128 Atl. Rep. 382; Celendano
v. Blazejewski, 98 N.J. Eq. 45; 129 Atl. Rep. 708; Thomas v.Flanagan, 99 N.J. Eq. 198; 132 Atl. Rep. 305; Vacca v.Wilkens, 108 N.J. Eq. 331; 154 Atl. Rep. 842.
The research of experienced counsel for the complainants and for the defendants has not revealed a reported decision in point upon this motion, rendered by any court in New Jersey since the passage of chapters 207 and 208 of the laws of 1934. Counsel for the defendants suggested, for my consideration, the decision inReade v. Leslie, 137 N.J. Eq. 343; 44 Atl. Rep. 2d 788, and the statute R.S. 46:16-1. Reade v. Leslie, like the present cause, was a suit brought to enforce the specific performance of a written contract of a husband and his wife for the sale of lands. One of the questions there agitated concerned the acknowledgment of the contract to sell, the defendants alleging that, although a certificate of acknowledgment appeared upon the instrument, they had not, in fact, acknowledged their agreement to sell. The important point to be determined by the court concerned constructive notice to a subsequent purchaser of the defendants' contract to sell to the complainant. That contract had been recorded and, by R.S. 46:16-1, a formal acknowledgment was a prerequisite to recordation. Vice-Chancellor Berry determined, as a fact, that the defendants had duly acknowledged their contract before the certifying officer, held that the defendants had constructive notice of the complainant's contract to buy, and advised a decree against them.
I have no doubt as to the intention of the legislature in enacting chapters 207 and 208 of the laws of 1934, or of the *Page 122 
effect of such legislation. For years our New Jersey women besought the legislature to give them the rights and privileges enjoyed by men with respect to real property. The legislature, by these two acts, removed the statutory restrictions objectionable to women and declared that any feme covert might thereafter execute and deliver any instrument relating to or affecting her estate, interest or right in her real property, or in that of her husband, with the same effect as if she were sole and unmarried and, significantly, provided that, after the passage of chapter 207, married women should have the right to bind themselves by contract in the same manner and to the same extent as though they were unmarried, which contract should be legal and obligatory, and might be enforced in law or in equity by and against them.
The objection to the bill is without merit, and the motion to strike will therefore be dismissed, with costs.