Civil action.
Specific performance.
This is an action for specific performance. The facts herein are stipulated by the parties hereto.
The defendant, Maud H. Jaycox, entered into a lease with plaintiff, Vitra Seal Co., Inc., a corporation of this state, November *Page 562 
15, 1946, for premises No. 5 Morris Avenue, Summit, N.J., consisting of a garage building and plot on which same is erected, together with a plot in the rear thereof, for the term of one year commencing December 1, 1946 and ending December 1, 1947. The lease among other things provided: "The Landlord hereby grants to the Tenant the option to purchase the leased premises for Thirty-eight hundred ($3,800.00) Dollars, payable ten (10%) per cent in cash upon the exercise of the option and balance in cash upon closing of title thirty (30) days thereafter. Said option may be exercised not sooner than November 1, 1947 nor later than December 1, 1947."
The defendant is a married woman. Plaintiff has been in possession of the premises under the lease since November 15, 1946, and also under a former lease containing a similar option from the defendant, Maud H. Jaycox, as executrix under the will of her father, August C. Harr, since December 1, 1943.
The plaintiff exercised said option according to its terms. The defendant has refused to admit the validity of the option and to accept the tender of payment of the purchase price upon the ground that John T. Jaycox, the lessor's husband, was not a party to the transaction and did not sign the lease.
Plaintiff has waived any indemnity against or compensation for any right of curtesy which the husband may have and offers full payment of the purchase price subject to the curtesy of the husband.
N.J.S.A. 37:2-16 confers upon any married woman "the right to bind herself by contract in the same manner and to the same extent as though she were unmarried, which contract shall be legal and obligatory, and may be enforced, in law or in equity, by and against such married woman in her own name and apart from her husband, and any contract relating to or affecting her estate, interest or right in her real property or that of her husband shall be valid without the joinder therein or consent thereto of her husband, but shall not affect any estate, interest or right of her husband in such real estate."
N.J.S.A. 37:2-17 provides: "Any married woman may execute and deliver any instrument relating to or affecting her estate, interest or right in her real property or in that of her *Page 563 
husband, with the same effect as if she were unmarried, and any such instrument shall be valid without the joinder therein or consent thereto of her husband; but no conveyance, deed, contract or act of such married woman shall affect any estate, interest or right of her husband in such property."
The stipulation of the parties provided that resort may be had to the affidavits filed in this case in lieu of testimony taken in open court. The affidavits disclose nothing not embraced within the stipulated facts.
The Legislature by the cited enactments, removed the statutory restrictions long objectionable to married women and declared that any married woman might thereafter execute and deliver any instrument relating to or affecting her estate, or interest or right in her real property or that of her husband with the same effect as if she were unmarried, and to bind herself by contract in the same manner and to the same extent as though she were unmarried, and provided that such contract should be legal and obligatory, and enforceable in law or in equity against her.Kaffitz v. Clawson, 134 N.J. Eq. 494, 36 A.2d 215;Heinig v. Smellow, 138 N.J. Eq. 119, 47 A.2d 335, affirmed 139 N.J. Eq. 308, 50 A.2d 875.
The type and nature of the deed to be given is not mentioned in the option, and where that is so the grantor must convey good title in fee simple, by deed of bargain and sale, without covenants. Moran v. Fifteenth Ward B. L. Assn.,131 N.J. Eq. 361, 365, 25 A.2d 426.
Judgment in favor of the plaintiff will be entered against the defendant requiring her to convey her right, title and interest to the premises in question subject to the curtesy of her husband upon payment by the plaintiff to the defendant of the full purchase price. *Page 564