## CAROLINE I. PRICE

*v.*

## CECILIA M. MCKAY et al.

1. Where the owner of the lot and the street number appear on the agreement, the omission of the name of the city or town in which the lot is located, does not render the description indefinite. *Quære*—Whether the place named at the head of the agreement affords a presumption as to the location of the lands.

2. The fact that portions of the agreement relating to acts to be done by the vendor, other than the conveyance of the lot, are vague and indefinite, is no ground of demurrer to a bill for specific performance, where the bill asks no relief as to these provisions, but only a conveyance of the lot.

On bill for specific performance. Heard on bill and demurrer.

*Mr. John C. Inwright,* for the complainant.

*Mr. James P. Northrop,* for the demurrant.

EMERY, V. C.

This is a bill for specific performance of an agreement for the sale of real estate, evidenced by a note or memorandum signed by the defendant and set out in the bill as follows:

"J. CITY Feb. 19th, 94.
"Received from Mrs. F. E. Price fifty dollars ($50) in consideration of the purchase of a lot on Bramhall Ave. No. 470.
"The price for which is twelve hundred and seventy-five ($1275).
"CECILIA M. MCKAY.

"In case anything should occur I promise that the stable shall be removed, also the privilege of access to my private sewer on property.
"C. M. MCKAY."

No date was fixed by this paper for the delivery of the deed, but on the 19th of March, 1894, the complainant offered the balance of the purchase-money and requested a deed for the premises, which the defendant refused to give, and on the 31st

of March, 1894, a formal tender of the amount was made by complainant to the defendant, and a request made for the delivery of the deed. The defendant again refused to accept the money or deliver the deed, and, on April 3d, 1894, conveyed the premises to the defendant Maxson. The bill charges that this conveyance is without consideration, and that Maxson held the title to the premises for the use of the defendant McKay, and with full notice of the agreement between complainant and McKay. The defendant Maxson has answered, but the defendant McKay demurs to the bill. The principal cause of demurrer relied on at the argument, and in the briefs of counsel, is included in the first cause assigned, viz., that the agreement set out does not describe the lands with sufficient certainty to satisfy the requirements of the statute of frauds. The objection is that the description of the lands as " a lot on Bramhall avenue No. 470 " is too indefinite, unless the city or town is indicated. It is urged that the place named at the top of the receipt must be construed to apply only to the place of the receipt of the money, and cannot, by parol evidence, be shown to be applicable to the location of the lands. This is contrary to the rule laid down in the Massachusetts cases where it is held that the place of the date of a contract to convey real estate affords a presumption that the estate is situated in that place, but that this presumption is only a presumption of fact and may be rebutted by oral evidence locating the real estate elsewhere. *Mead* v. *Parker, 115 Mass. 413.* The bill in this case alleges that the lands are located in Jersey City, and if parol proof is admissible under the doctrine in *Mead* v. *Parker*, this allegation of the bill, admitted by the demurrer, would dispose of this objection. But I think that no decision is necessary upon the application of this rule, for, independent of any aid from external evidence, and treating the date of the receipt to be in law applicable only to the place of receipt of the money, I think the writing itself indicates the lot sold with sufficient certainty to satisfy the statute and to require specific performance. In the first place, the receipt indicates the vendor of the property—the defendant—and the lot purchased is, therefore, a lot owned by the defendant. Next, it is a lot

No. 470 Bramhall avenue, owned by her, and these two marks are together sufficient to locate the property. Additional marks are furnished, if necessary, by the references in the agreement at the bottom of the receipt to a stable and also to a private sewer owned by the defendant. With these four marks or indications appearing upon the face of the paper itself, I think sufficient appears to indicate the property without reference to the place of date of the paper.

If the defendant had devised the property by this description in her will, it seems to me to be impossible to say that the lot would not have passed by the devise. Sir George Jessel, in *Shardlow* v. *Cotterell, 20 Ch. Div. 90 (Court of Appeals, 1881)*, lays this down as a legitimate test of sufficiency of description under the English statute of frauds, and it seems to be a sound and safe rule to be applied under our statute.

That the agreement required by our statute may sufficiently appear in a receipt signed by the defendant, is settled in *Lewis; Administrator,* v. *Reichey, 12 C. E. Gr. 240,* and that the description is not indefinite by reason of the mere omission to state the township or county in which the lands lie, is also settled in this court. *Robeson* v. *Hornbaker, 2 Gr. Ch. 60.*

In *Ross* v. *Allen, 45 Kan. 231,* relied on by the defendant, the court held that where a receipt was dated "Leavenworth, March 19th, 1887," and the property was referred to therein as "Numbers 617 and 619 Delaware street, Block 74, city property," the memorandum was defective in not giving the location in any state, county or city. This receipt was not, however, signed either by the owner, or by any person for the owner, and was, on this account, held invalid, and on the question of location the court says (at *p. 574*): "If the name of the owner or vendor had been given, it would have aided in the identification of the property, but her name nowhere appears in the writing." This element for identification is present in the memorandum here signed by the defendant herself, and which must, therefore, be taken as a sufficient declaration that the contract refers to the No. 470 Bramhall avenue, of which she is the owner.

This cause of demurrer is, therefore, insufficient.

The second cause of demurrer is based upon the theory that the duty which the defendant is to perform, in relation to the stable and sewer, is so indefinitely expressed in the memorandum that the court will not decree performance of it.   The answer to this contention is, that the complainant, by her bill, seeks only the performance of the agreement to convey the lot, without asking for any action or decree of the court with reference to the stable or sewer.   The agreement to convey, if definite as to the lot, cannot be made ineffective by reason of the indefiniteness of other provisions relating to acts or duties of the defendant which are not insisted on by the complainant.   Defendants' equities, either to resist performance or to obtain terms, on account of these provisions, if such equities exist at all, must be made to appear by answer, and cannot, on bill and demurrer, be held to be so certain as to invalidate the clear agreement to convey.

The other causes for demurrer were practically abandoned at the hearing, and, in view of the allegations of the bill, are so manifestly unsubstantial that none of them can be sustained.

I advise that the demurrer be overruled, with costs.