ELIZABETH A. LIPPINCOTT et al.

v.

WILLIAM BRIDGEWATER.

1. A receipt which does not so identify the lot of land to be conveyed that it can be distinguished from other lots, and contains no statement by which the intention of the parties with respect to the land can be ascertained, is not such a memorandum in writing of a contract for sale of lands as will satisfy the statute of frauds.

2. Equity will not decree specific performance of a parol contract for sale of lands solely because a portion of the purchase-money has been paid, which may be recovered, with interest, in an action at law.

3. There must be some additional circumstance to entitle a party seeking relief to specific performance, whereby he has been placed in a situation of loss or injury for which he can receive at law no adequate compensation, or which would make the non-performance of the contract a fraud upon him.

On bill for specific performance.

*Mr. James M. E. Hildreth,* for the complainants.

*Mr. Eugene C. Cole* and *Mr. Samuel W. Beldon,* for the defendant.

GREY, V. C.

This bill is filed by the complainant Elizabeth A. Lippincott and her husband, against William Bridgewater, praying for the specific performance of a contract alleged to have been made between the parties for the conveyance of a lot of land situate in the borough of Ocean City, Cape May county.

The complainant, on the 7th day of April, 1896, had a conversation with the defendant touching the purchase of the lot in question, and paid him $5, for which she received a receipt in the words and figures as follows:

"April 7th, 1896.

"Received from Elizabeth A. Lippincott 5 dollars on account of lot 544 Asbury avenue.

"W. BRIDGEWATER."

Lippincott v. Bridgewater.

In addition to the foregoing receipt the parties made further agreement by parol as to the amount of money which was to be paid for the lot, and the time when the payment was to be made, and by this parol portion of the contract they seem to have agreed that the payment receipted for was made on account of the purchase-money of a conveyance of lot 544, section D, on Asbury avenue, Ocean City, which, it was intended, should be made by Bridgewater to the complainant. None of these latter incidents of the contract were in writing, nor does any of the subsequent correspondence written by Bridgewater, the defendant, in any way aid this deficiency; so that the only memorandum in writing, signed by the party to be charged therewith, to satisfy the terms of the statute of frauds, is the receipt above quoted in full. This receipt is so lacking in several of the necessary elementary incidents of a contract for the sale and purchase of lands, that it must be held to fail entirely to satisfy the requirements of the statute.

It does not specify what land is to be conveyed, as it is shown that there are three pieces of land which can be truthfully described as "lot 544 Asbury avenue," and the memorandum does not state any undertaking by the signer to convey, nor does anything appear to show for what the money was paid, whether for rent, or for a mortgage to be made, or for a lease, or for a conveyance of the fee. The intentions of the parties in dealing with the land are not indicated by the writing.

These defects have been decided to be fatally at variance with the requirements of the statute of frauds. *Rev. p. 1603 § 5 (1896)*; *Carr* v. *Passaic Land and Improvement Co., 4 C. E. Gr. 424; S. C., 7 C. E. Gr. 85; Welsh* v. *Bayaud, 6 C. E. Gr. 186; Force* v. *Dutcher, 3 C. E. Gr. 404.*

So far as the complainant rests her case upon this memorandum in writing, it is utterly insufficient, in my judgment, so to satisfy the requirements of the statute of frauds as to justify a decree.

The complainant further claims, however, that she is entitled to a decree because she paid $5 on account of the purchase-money for the conveyance of lot No. 544 Asbury avenue, which,

by parol evidence, she proves is in section D of Ocean City lots, and which, also by parol, she proves the defendant agreed to convey to her for the sum of $500. This parol contract, she insists, she has a right to have enforced, solely because of the payment by her and the acceptance by Bridgewater of the payment of $5 on account, on the ground that this was such a part performance that a court of equity will oblige the defendant completely to perform the contract.

Payment of the contract price by the purchaser is not of itself sufficient part performance to take the case out of the statute for the reason that the money can be recovered back by the proposed vendee and interest by way of damages for its detention, which is an adequate remedy, obtainable in a court of law. *Brown* v. *Brown, 6 Stew. Eq. 660; Campbell* v. *Campbell, 3 Stock. 270; Cole* v. *Potts, 2 Stock. 69; Story Eq. Jur.* §§ *750, 751.*

In the case in hand no step whatever has been taken by the parties or by either of them in the performance of the contract, save the payment of $5 above alluded to, on one side, and the receipt therefor, wholly insufficient as a contract of sale, given by the other side. No further money has been paid, nor has it been shown that anything has been done in the execution of the contract which has placed the complainant in any situation of loss or injury for which she may not be fully compensated by a recovery in an action at law, or would make the non-performance of the contract a fraud upon her.

The testimony does not satisfy me that the complainant has even observed the terms of the parol agreement as to the time of performance. The weight of the evidence seems to be that she was notified to comply within a period of time which was, under the circumstances, reasonable, even if the parol agreement did not make time of the essence of the contract, and that she failed to perform within the time notified.

Under the circumstances I think I am bound to refuse a decree for a specific performance of either the written or the alleged parol agreement upon any ground.

I will, therefore, advise that the bill be dismissed, with costs.