The defendants agreed to sell to the complainant a strip of land ten feet wide and to the depth of their lot on Clinton Place, Newark, adjoining the land of the complainant, for $560, of which $60 was paid down. A receipt was given which reads as follows:
"Newark, N.J. Nov. 15, 1922. Received from F.R. Wollenburg, $60.00, deposit on 10 ft. (ten ft.) land adjoining stores at Clinton Place and Hawthorne Avenue; depth according to deed. Balance to be paid within two months, the sum of five hundred dollars."
The defense is that the memorandum does not comply with the fifth section of the statute of frauds, which requires that an agreement for the sale of land, or some memorandum or note thereof, shall be in writing. Comp. Stat. p. 2612. The memorandum must contain all the essential terms of the contract, expressed with such degree of certainty that it may be understood without recourse to parole evidence to show the intention of the parties; but, as stated in 27 Corp. Jur. 277, it
"Need not contain apt, definite and explicit words expressing the agreement to convey; it is sufficient if such an agreement may be implied from the language employed, and if, from a consideration of the whole contract, it may be gathered that it is the intention of one party to convey and the other party to purchase."
In Lippincott v. Bridgewater, 55 N.J. Eq. 208, specific performance was denied on a receipt which read "Received *Page 40 
from Elizabeth A. Lippincott $5 on account of lot 544 Asbury avenue." Vice-Chancellor Gray observed that it did not meet the statutory requirements, in that it did not state any undertaking by the signor to convey; that nothing appeared to show for what the money was paid, whether for rent, for mortgage, for lease or for a conveyance in fee.
The land is sufficiently described so that with the aid of parole evidence it can be readily identified. Evidence for this purpose is admissible. Bateman v. Riley, 72 N.J. Eq. 316. The point particularly stressed is that the memorandum does not disclose an agreement to sell. It does not in terms, but there is no other reasonable interpretation. If the preposition for
after the word "deposit" had been used instead of on, and the memorandum read "Received $60 deposit for ten feet of land,"c., there could be little or no question as to its sufficiency. The contracting parties are of a foreign mother tongue and unschooled in our language, and "on" was obviously used to denote "for." The purchase price is stated, and the recital that the balance was to be paid implies a purchase. It is not claimed that the amount was to be loaned, to be secured by the land. The sum total to be paid according to the receipt is in actual proportion to the price paid by the defendants for their entire lot, and the testimony shows that they agreed to sell at the cost price. In the Lippincott Case the intention to sell could not be gathered from the meagre language, while in the case in hand the recital that the balance, of what was undoubtedly the purchase price, was to be paid in two months, supplies the evidence of intention of a purchase and sale.
Another objection is that the complainant agreed to use the strip of land for a terrace and that he intends to use it as a driveway. If this were true, equity would not aid the complainant, but the burden of establishing the allegation is on the defendants and it is not sustained by the weight of the evidence.
 A decree compelling performance will be advised. *Page 41