The bill is by complainant, as vendor, for the specific performance by defendants (husband and wife) of a contract for the sale and conveyance of certain real estate. The answer denies the making of the alleged contract, and under this answer defendants rely on the statute of frauds — as they are entitled to do. Ziegener Lane v. Daeche, 91 N.J. Law 634.
Complainant contends that the proofs show a sufficient compliance with the statute, but that if not, there has been part performance sufficient to take the case out of the statute.
The land to which complainant claims to be entitled is a tract of forty acres, at the corner of a farm, of about one hundred and sixty-three acres at Spottswood, New Jersey, which forty acres contains the only house and farm buildings on the farm. The whole farm was, in May, 1923, owned by defendant George Stout, and occupied by complainant under a lease running until January 1st, 1924.
The contract, as alleged by complainant, was for the sale to him of the corner piece above mentioned, containing about forty acres, for the price of $5,000, whereof $1,000 was to be cash and the balance on mortgage for five years at six per cent.; $100 was paid to defendant on May 5th, 1923, and consummation was to take place prior to January 1st, 1924.
The written memorandum relied on by complainant consists of a letter from defendant to J.W. Dawson, a real estate agent, dated April 24th, 1923, and a receipt given by defendant to complainant, May 5th, 1923. They are as follows:
"April 24, 1924. J.W. Dawson.
Dear Sir — After thinking matter over, came to the conclusion that 40 acre [38 3/4] piece on corner, should bring $5,000, as house, well. *Page 124 
etc., amounts to something [the house, frame and slate roof are O.K.]. The place has cost me considerable and want to realize as much as possible. In selling wood on East Brunswick township piece, reserve pine cedar trees on East road, there are three or four there.
 Respectfully, G.S. STOUT.
P.S. — I think you will be able to sell John the corner piece, he has money, and think you can get cash, get as much down as possible.
 G.S." "May 5, 1923.
Received from John Often the sum of one hundred dollars on deposit for piece of farm at Spottswood, N.J., about 40 acres.
G.S. STOUT."
Complainant's evidence is to the effect that the letter to Dawson was sent in connection with conversation by Stout with Dawson, authorizing him to sell forty acres at the corner; that Dawson showed complainant the letter (which was accompanied by a map or plan of the farm, but which map did not delineat boundaries for the forty acres); that Stout authorized Dawson to make the terms of $1,000 each and $4,000 on six per cent. five-year mortgage; that Dawson gave those terms to complainant; that complainant went to Stout, accepted those terms, paid Stout $100, and got the receipt; that both Dawson, and later Mrs. Stout, showed complainant, on the ground, where the boundaries of the forty-acre tract would be.
Assuming, for the sake of argument, that the letter and receipt might be together taken as a sufficient memorandum in writing if it were not for the deficiencies now to be mentioned, it is clear that the written memorandum is lacking in at least two essentials. It contains nothing of the alleged terms as to $4,000 mortgage, and it contains no description of the premises. These defects are fatal. Lippincott v. Bridgewater, 55 N.J. Eq. 208.
It is true that the lands need only be described with reasonable certainty, but the description here is entirely uncertain; any boundary line which would enclose forty acres at the corner where the house was situate, including the house, well and building, would comply with the description. The situation is quite different from that in Bateman v. Riley, 72 N.J. Eq. 316; *Page 125 Wollenburg v. Rynar, 96 N.J. Eq. 38, and cases of that type.
It is contended, however, that the evidence shows part performance under circumstances which take the case out of the statute of frauds. It is true that there is testimony (as to which there is little, if any, real contradiction) that complainant, after the date of the alleged contract, planted a considerable amount of strawberries, rhubarb and asparagus, on the forty-acre tract, he claims, and cleared off stumps and bushes from some of that tract, and possibly some other similar work. The difficulty is that it does not appear that much, if any, of this work was done prior to July 7th, 1923, when he was served with notice of termination of his tenancy, which he evidently took as a denial of his contract rights. The correspondence between the lawyer and defendant's lawyer, immediately following, gave him notice that defendant denied the alleged contract. The letter from complainant's lawyer to defendant's lawyer, October 2d 1923, offering to rescind the alleged contract on return of the $100 is quite convincing that little, if any, of the permanent improvements mentioned had been done at that time. Whatever was done after knowledge that defendant denied the alleged contract and refused to carry out such a contract, certainly cannot be said to have been done in reliance on the contract so as to raise an estoppel in favor of complainant against defendant's setting up the statute of frauds — and this is the principle upon which the doctrine that part performance avoids the statute is based. Cooper v. Colson,66 N.J. Eq. 328.
Likewise, under such circumstances, it cannot be said that such improvements as complainant made were induced by fraud or conduct amounting to fraud on the part of defendants, so as to entitle complainant to an equitable lien. Moreover, he has had the benefit of a year's occupancy of the premises without rent.
Another thing militating against relief to complainant, or examination of the parol evidence on the question of the making of the alleged contract on May 5th, 1923, is the fact *Page 126 
that by complainant's own admission, on cross-examination, the oral agreement or understanding arrived at on that day was not intended to be final and conclusive, but was to be embodied in a written agreement to be executed shortly thereafter. Such is the purport and effect of his testimony on its face, and the burden of proof is, of course, upon him, so that whatever doubts might arise from the fact that he is a foreigner, uneducated and handicapped as to his use and understanding of English, cannot be resolved in his favor. On the face of this testimony there was no binding agreement even by parol. Bettcher v. Knapp, 94 N.J. Eq. 433.
The defendant has not been fair and frank in his pleadings or his testimony. His answer denies the letter to Dawson hereinbefore quoted, whereas at the trial the original was produced and admitted to be in his handwriting, and proves in exact accordance with the copy annexed to the bill. His testimony that he never contemplated or was willing to sell the corner piece by itself is completely refuted by this same letter.
The dismissal of the bill will therefore be without costs.