The bill in this cause is filed by the complainants, as vendors, for the specific performance of a written contract for the sale of land in Elizabeth, New Jersey, to the defendant. The contract is in the following form:
 "ELIZABETH, N.J. March 16, 1925.
Received from Sigmund Welt one hundred [$100] dollars on account of purchase price of property known as No. 331 Franklin St., Elizabeth, N.J. Purchase price to be $5,000.
Balance of $4,900 in cash on or before ninety [90] days, when a warranty deed will be delivered free and clear of all encumbrances.
Taxes, water rents, fire insurance to be adjusted as to date of passing of title.
We further agree to pay a commission of $175, same to be paid to Sigmund Welt, Kelly Colgan and P. Whelan, agents.
[Signed] ELLIS H. FRANKLIN [L.S.] Witness — NETTIE M. FRANKLIN [L.S.] LEO P. KELLY SIGMUND WELT [L.S.] P.A. WHELAN"
The defendant, by his answer, denied making the contract and then set up, but not by way of a separate defense, that the porch roof of the premises, the subject of the sale, encroached on and over the adjoining premises, and that by *Page 604 
reason thereof the complainants were unable to convey in accordance with the agreement of sale.
There was annexed to the answer a notice of a motion to strike out the bill on grounds which may be summarized as follows:
1. That the alleged agreement is insufficient to charge the defendant under the statute of frauds.
2. That the alleged agreement is incomplete and uncertain, in that the property is not described with sufficient exactness and that it contains no promise by defendant to pay the purchase price therein mentioned.
3. That the agreement is unenforceable because not acknowledged by complainant Nettie M. Franklin, who is a married woman.
4. That the bill does not show a willingness and an ability on the part of the vendors to perform.
At the hearing, the motion to strike out was denied, but counsel for defendant, desiring to submit a memorandum of authorities on the legal points, was permitted to do so.
The evidence submitted at the hearing showed conclusively that the defendant, in company with his agent, Kelly, sought out the complainants at their home, 331 Franklin street, Elizabeth, New Jersey, and after somewhat lengthy negotiations induced them to sell their home to him at the agreed price of $5,000 cash. Either the defendant or his agent, I do not recall which, thereupon prepared the agreement of sale which was immediately signed by both the complainants and the defendant, and the defendant gave the complainants his check for $100 on account of the purchase price. A short time prior to the date fixed for settlement the complainants, through their agent, wrote the defendant, advising him that they would be prepared for settlement on the day fixed by the agreement, either at their agent's office or at that of the defendant, leaving it to him to choose the place of settlement. This letter was received by the defendant, but he made no reply thereto. On the day fixed for settlement the complainants attended at their agent's office, and after remaining some time executed and acknowledged a deed of conveyance of the *Page 605 
property, the subject of the sale to the defendant, and left it with their agent for delivery to the defendant upon payment of the balance of the purchase price. The defendant did not appear for settlement and thereafter refused to accept the deed, claiming that he had only an option and did not contract to buy the property. No objections to the title nor on account of encroachments were offered at that time as a reason for refusing to make settlement. The deed mentioned above, executed and acknowledged by both complainants, was offered in evidence at the trial, and both complainants then tendered themselves ready and willing to perform. The encroachment complained of in defendant's answer consisted of an overhang of about two inches over the edge of the roof, or what might more properly be called a wooden awning over the steps at the side entrance of the house adjoining the complainants' property. This roof or awning was about the same width as the door. The "encroachment" had been entirely removed at the time of the hearing. The defendant claimed that it was a part of the agreement of sale that a mortgage of $1,250 then on the property should remain at the settlement. I find as a fact that this was not so. The defendant also contended that no place of settlement being fixed in the agreement of sale it would be presumed that the place intended was on the property which was the subject of the sale, and that the vendors had no right to fix any other place for settlement, and that an attendance by them at the office of their agent was not a compliance with the terms of the agreement, and that, therefore, the complainants themselves were in default. While passing no comment on this peculiar proposition, it is sufficient for me to say that the suggestion of the vendors of their agent's office as the place of settlement was acquiesced in by the defendant by his silence after the receipt of their letter. I am of the opinion, therefore, that the complainants are entitled to a decree unless there is some legal obstacle based upon the points above summarized, and I will consider those points in their order:
1. A memorandum of a contract for the sale of land complies with the statute of frauds, though it does not in terms *Page 606 
state an agreement to sell, if from a consideration of the whole memorandum it may be gathered that it is the intention of one party to convey and the other party to purchase. Wollenburg v.Rynar, 96 N.J. Eq. 38.
If there be a written memorandum or note of the agreement, and this be signed by the party to be charged, the statute is satisfied. Ten Eyck v. Saville, 64 N.J. Eq. 611.
Certainly, the contract here in issue complies with all the requirements of the law as announced in these cases. But even if this were not a complete written contract, it is a sufficient memorandum of an oral agreement to satisfy the statute of frauds.Celenando v. Blazejewski, 98 N.J. Eq. 45.
There was ample evidence at the trial to establish the terms of the contract of which this writing might be held to be a memorandum. Indeed, I think the defendant's own testimony, or at least his testimony in connection with that of his own witnesses, was sufficient to establish a complete contract which would not materially vary in its terms from the contract alleged in the bill of complaint. There is therefore no legal obstacle here to the enforcement of this contract.
2. The property is described in the agreement as "property known as No. 331 Franklin street, Elizabeth, N.J." Also, it appeared that the contract was drawn on the premises after a complete inspection of the property by the defendant. There was then and is now no dispute as to the identity or extent of the property which was described. But parol evidence is admissible to identify land mentioned in a contract of sale. Wollenburg v.Rynar, supra; Bateman v. Riley, 72 N.J. Eq. 316.
In Price v. McKay, 53 N.J. Eq. 588, the description in the written contract was "a lot on Bramhall avenue, No. 470," and this was held sufficient, although no town, city or county was named. A description merely as a certain number on a certain street, the contract being dated at a certain town, is sufficient. 25 R.C.L. 221 § 19; Kilday v. Schancupp,91 Conn. 29; 98 Atl. Rep. 335; L.R.A. (1917A) 151.
In such a case the place at which the contract bears date is assumed to be the place in which the land is located. *Page 607 Mead v. Parke, 115 Mass. 413. If the description used is sufficient for a devise by will it is good. This is a sufficient test. Price v. McKay, supra; Riley v. Hodgkins, 57 N.J. Eq. 278.
A promise by the defendant to pay the purchase price is fairly inferrable from the writing. Wollenburg v. Ryner, supra. But if there is any uncertainty in this contract because of the omission of any term therefrom, the defendant cannot take advantage of such omission. He, or his agent in his presence, prepared the contract and he is responsible for its incompleteness, if it is incomplete. Krah v. Wassmer, 75 N.J. Eq. 109.
The contract is not void for uncertainty.
3. It is true that the agreement of sale is not acknowledged by the wife. But she is one of the complainants here, tenders herself ready and willing to perform and has already executed and acknowledged a deed of conveyance of the property to the defendant which he may have. There is now no lack of mutuality.Richards v. Green (E. A.), 23 N.J. Eq. 536; Krah v.Wassmer, supra.
The deed already executed and acknowledged by the wife is sufficient evidence of her willingness to convey. Krah v.Wassmer, supra; Hulmes v. Thorpe, 5 N.J. Eq. 415; South JerseyFurniture Co. v. Dorsey, 95 N.J. Eq. 530; Luczak v. Mariove,92 N.J. Eq. 377.
Under these circumstances, the fact that the wife did not acknowledge the contract will not bar specific performance.
4. The bill tenders performance by the complainants. The deed, executed and acknowledged, as above mentioned, was tendered at the trial. The objection on the point of willingness and ability to perform is based almost entirely on the existence of the $1,250 mortgage hereinabove referred to and which defendant claims the mortgagee will not permit to remain. I have already held that there was no agreement that this mortgage should remain. Complainants allege in their bill that it was optional with the defendant as to whether this mortgage was to be paid or assumed by the defendant at settlement. There was nothing shown at the trial which *Page 608 
indicated that the defendant could not accept a conveyance of the property and assume the mortgage. But when the attention of complainants' solicitor was directed to the fact that there was no reference to this mortgage in the written contract, he elected to stand on the written contract. But as I find that there was no agreement that this mortgage should remain at the settlement, the fact that the mortgagee will not permit the mortgage to remain after settlement is no bar to specific performance.
The defendant now requests that he be permitted to reopen his case in order to show that the deed which has been tendered incorrectly described the property which is the subject of this suit, and that, therefore, he is not safe in accepting the deed as the title thereunder would not be marketable. This contention is based upon the fact that the deed describes the property as "lot No. 33 on block No. 36 as laid down on a certain map entitled `Map of the New Manufacturing Town of Elizabethport, N.J.' (which map is on file in register's office of the county of Essex)," whereas the map to which reference is made is, in fact, filed in Union county instead of Essex county. The incorrect recital of the filing of the map does not invalidate the deed. The map is in existence and filed in the proper office. If necessary, the deed may be reformed by this court so as to correctly recite the filing of the map.
I will advise a decree for the complainants.