This is an action for specific performance of a contract for the sale of "all those lots, tracts or parcels of land and premises known as 32-34-36-38 Austin street, Newark, New Jersey, and 19 Tichenor street, Newark, New Jersey, together with the factory and two dwellings thereon."
It is admitted that the entire front of the building on Austin street, approximately fifty feet in width, encroaches on land of the city of Newark from one to one and a half inches.
It was also proved that defendants purchased the land for the purpose of selling at a profit; that they did contract to sell to South End Realty Company, and said company in turn contracted to sell to one Shevelove. Both prospective purchasers refused to take title on account of the above-mentioned encroachment.
Complainant contends that as the contract calls only for a warranty deed free from all encumbrances, and refers to the property by lot numbers only, the rule of caveat emptor
applies, there being no specific statement that the buildings are entirely on the land.
What, then, is the meaning in a legal sense of the word "encumbrance?"
In 20 Corp. Jur. 1250, the following definition is given: "Anything that impairs the use or transfer of the property; anything which constitutes a burden on the title; a burden on the land depreciative of its value." The facts here show that the admitted encroachment resulted in at least two instances in a failure to transfer title. It is apparent, therefore, that complainant cannot give a deed free and clear of *Page 149 
all encumbrances and that the city's right to part of the land on which the building stands is a defect which affects the marketability of the property.
Nor do I think there is merit in complainant's contention that the parties are bound by the agreement as to description by street numbers only. The contract calls for the conveyance of land and premises with the buildings thereon. The buildings are not entirely on the premises. What land is actually meant by 32-34-36-38 Austin street can and was ascertained by parol evidence, which is admissible in such a case. See Bateman v.Riley, 72 N.J. Eq. 316; Franklin v. Welt, 98 N.J. Eq. 602.
It being shown that the buildings were not wholly on the land proved to be 32-34-36-38 Austin street, I do not see how complainant can convey according to his contract the land and premises he agreed to convey with the buildings thereon.
 Franklin v. Welt, supra, is cited by complainant in support of his contention that "an agreement which describes the property to be sold by street numbers is valid and binding on the parties thereto."
Vice-Chancellor Berry's opinion is by no means so general. He says in that case: "The property is described in the agreement as `property known as No. 331 Franklin street, Elizabeth, New Jersey.' * * * There was then, and is now, no dispute as to the identity or extent of the property which was described. But parol evidence is admissible to identify land mentioned in the contract of sale." He nowhere holds that lot numbers govern irrespective of whether or not the buildings are wholly upon the lot.
Complainant's final contention is that the encroachment is trivial and that the city has never taken any steps to assert its rights. An encroachment such as the one proved here is not trivial. Indeed, in this very case it has made the title unmarketable in at least two instances.
The court of errors and appeals, in Doutney v. Lambie,78 N.J. Eq. 277, speaking through Mr. Justice Parker, held that an encroachment of two inches would make a title unmarketable. *Page 150 
The question for the court is not the extent of the encroachment, but whether there is one, in fact, that makes the title unmarketable.
The statement of counsel that the city has never taken steps to remove the encroachment has no bearing on the question. Nullumtempus occurrit regi. It may assert its right at any time, and should it do so the front of the factory building would have to be altered.
I will advise a decree dismissing the bill.