EARLE F. MALONEY, PLAINTIFF, v. GEORGE H. MICHEL-
FELDER ET UX., DEFENDANTS.

Submitted October 14, 1927—Decided March 13, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and
LLOYD.

For the rule, *George H. Jacobs* and *Carl Kisselman.*

*Contra, Elmer G. Van Name.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff sued to recover
down-money paid by him on a contract for the sale of lands
in the township of Berlin, in Camden county. His claim was
that the defendants were not able to give such a conveyance
as was called for by the agreement, because of the existence
of certain encumbrances upon the property, the first of which
was a right of way over an alley located upon the rear of the
lot to be conveyed, and the second the existence of a telephone

line upon the street in front of this lot, together with certain telephone wires crossing a corner thereof. He further claimed that he was entitled to recover because the description contained in the agreement called for a tract of land having a larger frontage than that which the defendants actually owned. The trial resulted in a verdict in favor of the defendants.

The agreement for the sale and purchase of this property provided that the title thereto should be free and clear of all encumbrances, except municipal improvements in the course of construction and not assessed, obvious easements, and usual restrictions running with the land. It appeared in the proofs that in the year 1908 the then owner of the property in question, who was also the owner of the property on the other side of the alleyway and upon which a building had been erected, conveyed the latter property to one Edward Mattler, the deed reciting that the lot conveyed was that "known as the Post Office lot." This deed vested in the grantee, his heirs and assigns," the free and uninterrupted use, liberty and privilege of a passageway in, over and along the said alley." The title of the post office lot is now in a Mrs. Mattler, who rents to various tenants offices in the building. This building abuts on the alleyway. It has a porch leading from an entrance door down to the edge of the alleyway, and this entrance and the porch, with the steps attached thereto, are used by the tenants for the purpose of ingress and egress to and from the building. The plaintiff contends that this right of way in the alley, although an easement, is not an obvious one, and that, therefore, it does not come within the exclusive words of the agreement. We think that it does. Ordinarily a driveway over the land of the owner of property is in itself no indication that some third person has an easement of way over it, and such an easement, if it exists, is plainly not obvious. But in this case the facts recited clearly indicate that this easement is an obvious one, for the presence of the porch and the entrance door is a demonstration that their existence is for the purpose of enabling the occupants of the building to use the alleyway in passing to and fro.

It is further contended that the telephone line upon the public highway, and the wires thereon which cross a corner of the lot contracted to be conveyed, do not come within the exception of the agreement; that is, that it is not an obvious easement created by the owner of the property or his predecessors in title. Assuming that the existence of the telephone line in the public street in front of the lot which is the result of a grant from the owner (as is the present case) constitutes an easement in the lot itself, no easement could be more plainly an obvious one. As to the further contention that the presence of the wires across the corner of the lot constitutes an easement that is not obvious—we think this also without merit. In the first place, the plaintiff submitted no proof to indicate that the telephone company has any grant from the owners or their predecessors in title. For aught that appears to the contrary, the company's user may be merely permissive. But if it be considered that such easement exists, it is just as obvious as that by virtue of which the company has erected its poles and strung its wires upon the public street in front of the property in question.

It is further argued that the plaintiff was entitled to cancel the agreement because the property therein referred to is misdescribed, in that the frontage in fact is less than that called for by the agreement. It is true that the frontage is less than the description thereof set out in the contract calls for; but there was no attempt to accurately define therein the lines of the lot or its size. The description begins with the word "approximately," and this means more or less. The proofs show that the lot, although narrower in the front than the description indicates, is wider at the rear, and that it is deeper than the description calls for; and, further, that the lot as it actually exists is larger than that called for in the description. There is no suggestion of any fraud in this misdescription of the frontage, or that the plaintiff was induced to enter into the contract by reason thereof. In this situation, we conclude that there is no merit in this ground for setting aside the verdict.

Lastly, it is argued that the verdict should be set aside because there was no tender of a deed made by the defend-

, ants. But this was not necessary, for counsel for the plaintiff admits in his brief that when the matters to which reference already has been made were brought to his client's attention, he "thereupon refused to make settlement and demanded the return of his deposit." The tender of a deed after a refusal on the part of the plaintiff to perform would have been a mere idle gesture.

The rule to show cause will be discharged.