WHITE WAY CORPORATION v. CHARLES L. HEINLE ET UX.

Decided July 16, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *Endicott & Endicott.*

*Contra, Mark R. Sooy.*

PER CURIAM.

The defendants, owners of a tract of land in the city of Wildwood, entered into a written contract with one Samuel Badder and others for the sale of the land for $112,000. By the terms of the agreement, the defendants were to convey a title free and clear of all encumbrances, with certain exceptions, which are not material to the present issue. Badder and his associates paid certain moneys on account of the purchase price, and then assigned the agreement to the present plaintiff, together with all right and interest in the moneys already paid by them on account of the purchase price in case of default by the defendants. The assignee also paid certain moneys on account of the purchase price, the total payments aggregating $16,200. When the time for the performance of the contract arrived the plaintiff refused to take a deed, on the ground that the title was defective, and demanded back the moneys paid on account of the purchase price. The defendants having refused to comply with this demand, the present suit was brought, and the trial resulted in a verdict being directed for the plaintiff for the full amount of the moneys which had been paid.. It

conclusively appeared that the front of the building upon this property encroached upon the public street; that is, that the eaves overhung the highway, and that the porch also constituted an encroachment. It was this fact, among others, that led the plaintiff to refuse to accept a conveyance. We think it was justified in doing so. It was entitled at law to have delivered to it a deed in strict conformity with the provisions of the agreement, or else to have its money back. It was not required to take property where the building encroached upon the public street to the extent which has been indicated, and thus subject itself to the liability of a law suit by the municipality, whose right to compel the removal of the obstructions could not be affected by lapse of time.

Our conclusion is that the trial court was justified in directing a verdict for the plaintiff, and that the rule to show cause should be discharged.