FANNIE TROUM, RESPONDENT, v. MORRIS BERKMAN AND ANNIE BERKMAN, APPELLANTS.

Submitted October 30, 1931—Decided May 16, 1932.

For the appellants, *Alfred Brenner*.

For the respondents, *Alexander Seclow*.

The opinion of the court was delivered by

PARKER, J. The suit was by the vendee named for purchase of real estate, to recover back the down money and expenses of search and survey as on a rescission or repudiation of the agreement, the claim being that the title was defective. The vendors defended and there was a motion to strike out the answer and enter a summary judgment. The court struck out the answer and sent the case to a trial jury to assess the damages, which was done. The only thing with which we are concerned is the action of the judge in striking out the

answer and ordering an interlocutory judgment on the ground that the title was defective because of encroachments.

The property consisted of a three-story frame building containing two stores and five apartments on a plot of ground twenty-five by one hundred described as No. 888 Broadway, Bayonne, on the east side between Forty-first and Forty-second streets. The contract expressly provided that "the premises are to be conveyed free and clear of all encroachments." It is conceded or settled beyond dispute that a survey showed that the southerly side wall of the building encroached one-half inch to the south; that the northerly side wall encroached three-eighths of an inch over adjacent lands to the north, and that in the rear the eaves of a dwelling house encroached on the premises in question to the extent of about five inches. The question we have to determine is whether plaintiff had a case on liability which did not require the intervention of a jury; and this we answer in the affirmative. When these encroachments were drawn to the attention of the defendants, they hired their own surveyor who checked up on the survey made for the plaintiff, and the surveyor for the defendants reported that there were encroachments and that they were even greater than those reported. Naturally the purchaser of an apartment house property should not be required to take an apartment house which projects half an inch over the line on both sides and may need to have clapboards ripped off, perhaps at the expense of a law suit with adjoining owners. The defendants recognized this and set about adjusting the several matters of objections. Apparently the plaintiff's husband undertook to negotiate for her in the matter although she repudiated his agency.

With regard to the northerly encroachment, the plaintiff's husband is said to have intimated that that really did not amount to much and he really did not care anything about it. With regard to the southerly encroachment, the story is that the defendants went to see the adjoining owner to find out whether he would be willing to sign an agreement waiving

any claim for damages by reason of the encroachments, or something of that kind. Then it turned out that the plaintiff was unwilling to rest on such an agreement and demanded that she should have title to the one-half inch, so the defendants went again to the adjoining owner, a man named Cozzo, and arranged to buy this one-half inch strip from him for $350, and so notified the plaintiff. Mr. Troum, the husband of plaintiff, said that would be all right but later the objection was raised that if there were any mortgages on the Cozzo property it would be necessary to get a release of the half-inch strip; and consequently the plaintiff refused to accept the Cozzo deed unless there were also releases from any mortgages. This brought matters to an impasse, and finally the plaintiff repudiated the contract and pressed her suit. There seems to have been also an offer on the part of the defendants to return the $500 down money with a reasonable amount of search fees, but not all, and this also fell through.

Whatever criticism might be made reflecting on the conduct or motives of the plaintiff, as a matter of law there seems to be nothing in the case which raises a jury question about her right to denounce the contract in the first instance, or to change her mind about the negotiations in the second. The result is, therefore, that on the facts as stated, and not controverted, it cannot be said that the judge was in error in holding that the plaintiff was entitled to recover back her down money and search fees.

These considerations lead to an affirmance of the judgment.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ.   14.

*For reversal*—None.