7 N.J. Super. 251 (1950)
72 A.2d 900
ELIZABETH MITCHELL AND HARRY MITCHELL, PLAINTIFFS-APPELLANTS,
v.
JULIUS FRIEDMAN AND FANNY FRIEDMAN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 17, 1950.
Decided April 27, 1950.
*252 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Murray Greiman argued the cause for appellants.
Mr. Elmer J. Bennett argued the cause for respondents (Messrs. Carpenter, Gilmour & Dwyer, attorneys).
The opinion of the court was delivered by COLIE, J.A.D.
This appeal is from a judgment of the Hudson County Court entered on an order striking the complaint "because it fails to show a cause of action upon which relief can be granted in favor of the plaintiffs and against the defendants."
The complaint recited that defendants were the owners of a certain multiple dwelling or apartment house in which plaintiffs were tenants on August 23, 1948, that on that date defendants were in possession and control of the common water *253 piping system therein, that a fire occurred there which temporarily interrupted water service to plaintiffs' apartment, that thereafter the water pressure was insufficient to operate the flushometer controlling the flushing of the toilet in plaintiffs' apartment, that the lack of water pressure was due to defendants' failure to repair the common water pipes, that the plaintiff, Elizabeth Mitchell, was compelled to draw pails of water from the bathtub faucet and carry them to the toilet to flush it, that defendants had notice that the toilet could not be flushed without taking extraordinary steps so to do, that on September 4, 1948, while hauling pails of water from the bathtub to the toilet she injured her back. Her husband sued for consequential damages.
To warrant the entry of summary judgment on the pleadings, it must appear that there are no facts pleaded and that no legal evidence can be produced at the trial on the issue raised in the pleadings which will establish the cause of action therein set forth. We think it clear that the complaint should not have been stricken.
Judgment reversed.