17 N.J. Super. 61 (1951)
85 A.2d 320
BURNS TRADING CORP., A CORPORATION, PLAINTIFF,
v.
BLUE FRONT MARKET, A CORPORATION, HERBERT FENSTER AND EDWARD GAULKIN, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 8, 1951.
*63 Mr. Samuel R. Kirschner, attorney for plaintiff.
Messrs. Pachella and Chary (Mr. Dominick F. Pachella, appearing), attorneys for defendant Blue Front Market.
DANIEL J. BRENNAN, J.S.C.
This is a motion for summary judgment on the part of the plaintiff, in support of which application the movant relies on the affidavits annexed to the notice of motion and the original agreement between the contracting parties, Edward Gelb and Blue Front Market, dated December 26, 1950. By assignment dated April 16, 1951, Edward Gelb assigned to the instant plaintiff all of his rights against the defendant.
Plaintiff seeks the return of $10,000 which its assignor heretofore paid to the defendant, Blue Front Market, as a deposit, pursuant to the aforesaid agreement, and to the further sum of $300 toward the payment of fees expended for the examination of title.
*64 The agreement, here the subject matter of consideration, relates to the sale of certain described real estate situated in the Township of Berkeley, Ocean County, New Jersey, and to the grocery, meat and produce business, as well as the business of the sale of alcoholic beverages conducted at said premises, including the retail plenary distributors license thereto.
The deposit paid was held in escrow by Herbert Fenster, as attorney for Blue Front Market, and by Edward Gaulkin, as the attorney for Edward Gelb. By order heretofore entered in this cause, these two named attorneys, having deposited with the clerk of this court the said sum of $10,000, were severally discharged from all liability in the premises, and the above entitled action, including the counterclaim as well as the complaint, dismissed as against them. The cause therefor thus proceeds with the Blue Front Market, as the sole defendant herein.
The agreement of December 26, 1950, consists of 14 typewritten sheets. The provisions thereof, considered pertinent and applicable to the instant motion, are as follows:
"1. The party of the first part does covenant and agree to and with the said party of the second part that the said party of the first part will well and sufficiently convey to the said party of the second part, by full covenant warranty deed, free and clear of all encumbrances, all those certain lots of land situated in the Township of Berkeley, County of Ocean and State of New Jersey, being Lots Numbered 36 and 38 on Central Avenue, and Lot Numbered 427, all as laid down on a map or plan of Lots of Seaside Park, duly filed in the Clerk's Office of said Ocean County, bounded and described as follows:
First Tract: Beginning at a stake for a corner at the intersection of the Easterly line of Central Avenue with the Northerly line of Fourth Avenue; thence in an Easterly direction, along the Northerly line of said Fourth Avenue, 100 feet to a corner; thence in a Northerly direction, parallel with Central Avenue, and bounding on the Westerly line of Lot Number 427, 100 feet to a corner, being also a corner of Lots Numbered 34 and 336: thence Westwardly parallel with said Fourth Avenue and bounding on said lot numbered 34, 100 feet to the Easterly line of said Central Avenue; thence Southerly course, bounding on said Easterly line of Central Avenue, 100 feet to the place of Beginning.
*65 Second Tract: Situate on the Northerly side of Fourth Avenue at the distance of 100 feet Easterly from the East side of Central Avenue continuing in front of width on said Fourth Avenue 50 feet and extending in length or depth of the width Northward between parallel lines at right angles to said Fourth Street 100 feet to the rear line of Lot No. 326. * * *
It is understood and agreed that the buildings upon said premises are all within the boundary lines of the property as described in the deed therefor, and that there are no encroachments thereon and that the buildings comply with municipal ordinances and regulations and all State laws and regulations including the New Jersey State Labor Department, to be shown by the report of the department or board enforcing the same where such ordinances, regulations and said act apply. * * *
Subject to restrictions of record, provided however, that those restrictions do not make the title unmarketable and have not been breached, and permit the continuance of the present uses. * * *
2. The party of the first part does covenant and agree to sell free and clear of the encumbrances of whatever nature and description, and the party of the second part agrees to purchase the said business, fixtures, equipment, merchandise, supplies and all other assets thereof, except accounts receivable and cash in bank, of the said grocery, meat, produce and liquor business owned and operated by the party of the first part and situate at 310 Central Avenue, Seaside Park, New Jersey.
3. The purchase price of the aforesaid real estate, fixtures and equipment and other assets, exclusive of stock, shall be $170,000.00, which sum shall be payable as hereinafter stated. Said $170,000.00 has been arrived at as follows:

 Land $10,000
 Buildings 65,000
 Fixtures and automobiles 95,000

4. It is warranted that title to the First Tract above described is not derived through any Martin Act Proceedings or any proceedings for the enforcement or collection of taxes. No such warranty is made as to the Second Tract, but it is warranted that the title to both tracts is marketable. The title to both tracts shall be examined as quickly as possible by the attorney for the party of the second part. If the attorney for the second part or any recognized New Jersey Title Company on behalf of the party of the second part refuse to certify or guaranty the title without reservations, this agreement shall be null and void and all deposits made hereunder shall be refunded to the party of the second part without deductions of any kind, and the reasonable expense for the examination of the title shall be paid by the party of the first part, which cost shall not exceed the sum of $300.00.
5. In the event that the attorney for the party of the second part or its title company refuses to certify or guaranty without reservations, *66 the party of the first part shall have the privilege at any time prior to the date fixed for closing to provide such a title policy either from the New Jersey Realty Title Insurance Company, or Lawyers Title Insurance Corp. of Richmond, Virginia, or Lawyers-Clinton Title Insurance Co. of New Jersey. Notice of the necessity for such a title policy shall be given to Herbert Fenster, attorney for the party of the first part at least thirty days prior to the time fixed for the closing or any adjournment thereof. * * *
21. Said $10,000.00 deposit above mentioned shall be held in escrow by said Herbert Fenster and Edward Gaulkin and shall be deposited in a bank agreed to by them subject to withdrawal only by the signature of both of them until Edward Gaulkin completes a title search of the assets to be sold to the party of the second part, and finds the title free and clear of all encumbrances, and marketable. The party of the second part shall also have the right to apply for a title policy to the New Jersey Realty Title Insurance Company or the Lawyers Title Insurance Corporation of Richmond, Virginia. If said Edward Gaulkin rejects the title, the party of the first part shall have the right within thirty days thereafter to obtain from either of said title companies a title policy without reservations or restrictions of any kind, and if such a policy is obtained, or if said Edward Gaulkin certifies the title, then the $10,000.00 is to be paid over to the party of the first part, otherwise it is to be paid over to the party of the second part without deductions of any kind, and this contract shall thereupon be null and void and each party relieved of all liabilities thereunder except as above set forth. Said Edward Gaulkin is to proceed with the examination of the title immediately upon the signing of this contract and is to proceed with reasonable diligence, and is to keep said Herbert Fenster advised of all developments in connection with the title examination."
The then attorney of the purchaser caused a search to be made of the title, as well as a survey of the premises in question. The survey discloses that the southerly side of the building extends 1.3 feet on the sidewalk into Fourth Avenue, a public street. The title search discloses that the seller owns but 100 feet x 72 feet, instead of the 100 feet x 100 feet stated in the first tract and that the premises are subject to the condition and restriction "that no * * * store or place for the sale of beer or liquors shall at any time hereafter be put, constructed, erected, maintained or carried on upon said premises or any part thereof." The title policy obtained by the defendant recites that "the foregoing restrictions are violated in that alcoholic beverages are now sold in the building *67 erected on the premises in question, and also in that the said building is set back less than 10 feet. This policy guarantees that the above restrictions contain no clause which will cause a forfeiture or reversion of title and indemnifies against loss by way of injunctive relief by reason of said violations." At a meeting of the parties held on April 13, 1951, the title policy was rejected by the attorney of plaintiff's assignor, for that it did not guarantee the title without reservations or restrictions of any kind, pursuant to the tenor of the agreement of sale. No other papers were thereafter tendered to clear up these title objections. The purchaser incurred an expenditure of $314.89 for fees in the examination of this title. Defendant does not attack the reasonableness thereof.
The defendant alleges that it has met and complied with all of the requirements of the agreement between the parties, both to the title and as to the terms of the escrow and that, accordingly, the plaintiff or its assignor is not entitled to the return of said deposit, but has forfeited the same because of the refusal to carry out the terms of the agreement; that the plaintiff's assignor did not attend at the time and place fixed for the closing, nor offered or tendered the necessary documents required by the terms of the agreement, and that the present plaintiff is not the real party in interest in this suit, but is acting as the agent for Edward Gelb, who was the original party to the agreement. In its counterclaim the defendant recites that it has always been and is ready to fulfill its part of the agreement, but that Gelb has failed to comply with the terms thereof, and now offers to convey the premises and business to the said Edward Gelb. The defendant demands judgment in its favor for the amount of the deposit and that named purchaser be required to specifically perform the agreement.
The basis of the present suit is the vendor's asserted inability to convey the lands in question "free and clear of all encumbrances" including "restrictions of record" that "do not make the title unmarketable and have not been breached *68 and permit the continuance of the present uses," as was expressly stipulated in the written contract. The argument of the defendant in this respect is that there is no question but that the premises were used for the sale of beer and liquors  a business which had been operated on the premises since 1933. The defendant concedes that it is true that premises are subject to a conditional restriction that no beer or liquors be sold upon the premises, which condition is contained in a deed made in 1895. The defendant avers that the deed wherein the prohibitive restriction is recited contains no reverter or forfeiture clause and the area is now zoned for business and that the restriction has been abandoned by non-user. There are numerous stores of various types, including another for the sale of alcoholic beverages, on land, title to which emanated from the same grantors and had the same restrictions and conditions as aforesaid. The defendant denies that the plaintiff is entitled to judgment. The defendant also projects the argument that the title policy binder issued by the title company specifically states that the restrictions contain no forfeiture or reverter clauses and indemnifies against loss by way of injunctive relief. Plaintiff, however, asserts that as the title company refused to guarantee against that item, without restriction, it is entitled to judgment. Brinn v. Mennen Co., 4 N.J. 610 (Sup. Ct. 1950). The defendant contends that, in effect, the title policy was "without reservations or restrictions of any kind" as provided in the contract.
The general rule in relation to the loss of an easement by abandonment is that mere non-user does not of itself extinguish it, but is simply evidence tending to show an intention to abandon the right. In some cases it has been held that there must also be an adverse use of the servient estate for the prescriptive period. Dill v. Board of Education, 47 N.J. Eq. 421, 20 A. 739; 10 L.R.A. 276 (Ch. 1890). In an affidavit submitted in behalf of the defendant it appears that "the said premises have been publicly licensed and used for the sale of beer and liquors since the repeal of the Prohibition *69 Law," i.e., since 1933  approximately 18 years last past, obviously not an adverse use for the prescriptive period, i.e., 20 years continuously. In the case sub judice the right to restrict is made manifest and clear in the covenant running with the land. No period of non-user of an easement resting in grant will destroy that right. There must be clear and convincing proof of an intention to abandon the right. While non-user for the prescriptive period of an easement acquired by prescription is evidence of an intention to abandon the easement, it is open to explanation and may be controlled by proof that the owner had no such intention while omitting to use it. Dill v. Board of Education, supra. It was unquestionably the duty of the vendors to clear the title. Reade v. McKenna, 99 N.J. Eq. 764 (Ch. 1926).
An encumbrance has been defined and held to be any right to or interest in an estate to the diminution of its value or anything that impairs the use or transfer of, or burdens the title to such an estate. Bier v. Walbaum, 102 N.J.L. 368 (E. & A. 1926); Vassar Holding Co. v. Wuensch, 100 N.J. Eq. 147 (Ch. 1926).
Viewed in the light of the foregoing, it was incumbent upon the defendant vendor to convey the premises in question, free and clear of the prohibitive restriction and free of the encroachment disclosed by the survey. Troum v. Berkman, 109 N.J.L. 165 (E. & A. 1932). The court will not compel a purchaser to specifically perform his contract of purchase where there is a doubtful question of law or fact affecting the title of the vendor. Acceptance of the vendor's title will impose undue hardship upon the plaintiff and its assignor. It appears that a complete and unassailable title, as contemplated by the parties hereto, is not vested in the defendant. Kohlrepp v. Ram, 79 N.J. Eq. 386 (Ch. 1911); Sharpe v. Stretch, 98 N.J. Eq. 225 (Ch. 1925); Breitman v. Jaehnal, 99 N.J. Eq. 243 (Ch. 1926), affirmed, per curiam, 100 N.J. Eq. 559 (E. & A. 1927); Wyatt v. Bergen, 98 N.J. Eq. 502 (Ch. 1924), affirmed, per curiam, 98 N.J. Eq. 738 (E. & A. 1924); Goldstein v. Ehrlick, 96 N.J. Eq. 52 *70 (Ch. 1934); White Way v. Heinle, 6 N.J. Misc. 742 (Sup. Ct. 1928); Vassar Holding Co. v. Wuensch, 100 N.J. Eq. 147 (Ch. 1926); Genetelli v. Percudani, 142 N.J. Eq. 736 (E. & A. 1948).
Other arguments advanced by the plaintiff are those relating to diminution in the size of the tract and the violation of the restriction that no building shall be erected within ten feet of the street line. This court has already herein indicated that it cannot compel the purchaser to accept and pay for something different than that which he bargained for, and which the defendant agreed to convey. To do so would in effect be a vital change in the agreement. It is not the function of this court to make a new and different one for the parties. Where the description of land in an agreement to sell does not purport to accurately define the same, but is only an approximation, the mere fact that the frontage of the lot is less than called for by the agreement, does not entitle the purchaser to cancel it. Maloney v. Michelfelder, 104 N.J.L. 212 (Sup. Ct. 1928).
The final question here to determine is whether the plaintiff has a case, under the facts, and the law applicable hereto, which do not require the intervention of a jury. From all of the proofs before the court it appears that the answer and counterclaim cannot be sustained under the admitted facts. The facts are not disputed. There are no issues raised in pleadings which will establish the cause of the party defending the motion for summary judgment. There is no genuine issue as to any material fact challenged. Plaintiff is entitled to recover the money paid on account, together with the sum of $300, as for the reasonable expense for the examination of the title, which cost is as contemplated under paragraph 4 of the agreement between the contracting parties aforementioned. Reutler v. Ramsin, 91 N.J.L. 262 (E. & A. 1917); Rule 3:56-3; Jersey Insurance Co. of N.Y. v. Altieri, 5 N.J. Super. 577 (Ch. Div. 1949); Mitchell v. Friedman, 7 N.J. Super. 251 (App. Div. 1950).
*71 The motion of the plaintiff for summary judgment is granted. The answer and counterclaim are dismissed. Judgment will be entered in favor of the plaintiff and against the defendant in the sum of $10,300, together with interest and costs.